NATIONAL STEAM-GAUGE CO. (FARLEY v.). See Case No. 4,648.

NATIONAL STEAM-NAV. CO. (DYER v.). See Case No. 4,225.

NATIONAL STEAMSHIP CO. (DYER v.). See Case No. 4,226.

NATIONAL STEAMSHIP CO. (GRAY v.). See Case No. 5,726.

NATIONAL STEAMSHIP CO. (NELSON v.). See Case No. 10,112.

NATIONAL TUBE CO. (LA MOTHE MANUF'G CO. v.). See Case No. 8,033.

## Case No. 10,053.

NATIONAL UNION BANK v. DODGE et al.

[25 Int. Rev. Rec. 304; 2 N. Y. Law J. 333.]

Circuit Court, D. New Jersey. 1879.

FEDERAL JURISDICTION—CITIZENSHIP—REMOVAL OF CAUSES.

1. Federal jurisdiction is not lost in a suit between citizens of different states, merely be-

[2] [From 24 Int. Rev. Rec. 212.]

cause there may be found in it, as necessary parties, one or more defendants of the same state with the plaintiffs or some of the plaintiffs.

2. The 2d section of the act of 1875 [18 Stat. 470], which provides for the removal of all suits in which there is a controversy between citizens of different states, only authorizes "either party" to file the petition, and the uniform construction of the word "party," in this connection, has been that it includes all the plaintiffs, or all the defendants. Congress might have vested, but in fact it did not vest, the power in one of either to do it. The same section only grants the right of removal to one or more of several plaintiffs or defendants, where there is a suit in which there is a controversy that is wholly between citizens of different states, and which can be fully determined as between them.

[This was an action at law by the National Union Bank at Dover against George E. Dodge, Titus B. Meigs, and others. Heard on motion to remand the cause to the state court.]

H. C. Pitney, of counsel with plaintiff.

Ashbel Green and William C. Gulliver, of counsel with defendant Dodge.

NIXON, District Judge. This is a motion to remand a cause which has been removed into this court from the supreme court of the state of New Jersey.

The original action was an ordinary suit at law, brought by a corporation organized under the national banking act, and located in this state, against five defendants, as partners, and makers of divers promissory notes and endorsers of others. The declaration sets out a joint liability on the part of the defendants, only two of whom were served with process,—George E. Dodge, a citizen and resident of the state of New York, and Titus B. Meigs, a citizen and resident of the state of New Jersey. It nowhere appears in the record where the remaining defendants reside. The action is founded upon the 2d section of the act of the legislature of New Jersey entitled "An act concerning obligations" (Rev. St. N. J. 741), which provides that "all persons jointly indebted to any other person or persons, upon any joint contract, obligation, matter or thing for which a remedy might be had at law against such debtors, in case all were taken by process issued out of any court of this state, shall be answerable to their creditors separately for such debts; that is to say, such creditor or creditors may issue process against such joint debtors, and in case any of such joint debtors shall be taken and brought into court by virtue of such process, such of them so taken and brought into court shall answer to the plaintiff or plaintiffs; and if judgment shall pass for the plaintiff or plaintiffs, he, she, or they shall have his, her or their judgment and execution against such of them so brought into court, and against the other joint debtor or debtors named in the process, in the same manner as if they had been all taken and brought into court by virtue of the said process."

The two defendants served with process, Dodge and Meigs, have caused separate appearances to be entered, and have severally pleaded non assumpsit. Immediately after filing his plea, and before the occurrence of any term of court at which the cause could have been tried, the non-resident defendant, George E. Dodge, filed his petition for the removal of the cause into this court, and also a bond with satisfactory security.

The counsel for the plaintiff corporation insists that none of the acts of congress, authorizing removal of suits into the federal courts, embrace the present case.

The counsel for the petitioning defendant, Dodge, claims that it falls within the second clause of the second section of the act of March 3, 1875, which reads as follows: "And when in any suit mentioned in this section there shall be a controversy, which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The single question presented for consideration is, whether there is in the pending suit a controversy which is wholly between citizens of different states, and which can be fully determined as between them? If there be, the cause is removable by any one or more of the parties—plaintiffs or defendants—actually interested in such controversy. And if there be not, the right or power of removal does not exist under the law. In order to answer the question intelligently reference must be had to the provisions of the constitution of the United States, and to the legislation of congress thereunder. Much of the confusion and apparent conflict of authority in the cases have doubtless arisen from not more carefully observing the several acts of congress, and their gradual extension to the verge of the constitutional limit of the right of the removal of causes. The first legislation on the subject was the judiciary act of 1789 [1 Stat. 73], and therein the right of removal was limited to suits commenced "by a citizen of the state in which the suit was brought against the citizen of another state," and the removal could be made only by the defendant, who must file his petition for removal at the time of entering his appearance to the action. It has never been thought that by this act the congress exhausted, or attempted to exhaust, the judicial power created by the constitution, but it went only so far as, in the judgment of the legislature, the condition of the country seemed to demand. The next act was that of July 27, 1866 [14 Stat. 306], which made another draft on the constitutional grant of power, and was an enlargement of the jurisdiction of the federal courts. It provided for the removal of a cause in part when one or more of the defendants were citizens of the same state with the plaintiff; and in which a controversy was involved between citizens of different states which could be determined without the presence of the other defendants, respecting whom the suit was to remain in the state court. In order to its removal, it required the suit in the state court to be brought by a plaintiff, who was a citizen of the state in which the suit was brought, and against a citizen of the same state and a citizen of another state as defendants. These conditions existing, and the application for removal being made by the non-resident defendant before the trial or final hearing of the cause in the state court, the cause was removable, so far as related to himself, provided that it was a suit brought for the purpose of restraining or enjoining him, or was a suit in which there could be a final determination of the controversy so far as concerned himself, without the presence of other defendants as parties in the cause. This act was followed by the amendment of March 2, 1867 [14 Stat. 558], which was a further extension of the right of removal,—affording it as well to plaintiffs as to defendants, but confining it to such persons as are non-residents of the state in which the suit is brought, and making prejudice and local influence, as well as the citizenship of the parties, a ground of removal. It was held, however, in the Cases of the Sewing Machine Companies, 18 Wall. [85 N. C.] 587, that under the last-named act "all the plaintiffs or all the defendants must join in the petition for removal, and all the parties petitioning must be non-residents." The last act on the subject was passed March 3, 1875, and was apparently passed to exhaust the legislative power, and to confer upon the circuit courts of the United States all the jurisdiction that was warranted by the constitution. To this end the language of the constitution was adopted, both in defining the jurisdiction in the first section, and the right of removal in the second section. Its title is "An act to determine the jurisdiction of the circuit courts of the United States and to regulate the removal of causes from the state courts." The second section treats of removals, designating the causes that are removable and the parties by whom the removal can be made. For the purposes of this case it is only necessary to say that the first clause of the section authorizes either party to remove any suit of a civil nature at law or in equity, brought in any state court, where the matter in dispute exceeds five hundred dollars, * * * in which there shall be a controversy between citizens of different states; and the second clause confers the same right, when in any suit there shall be a controversy, which is wholly between citizens of different states, and which can be fully determined as between them,—on either one or more of the

plaintiffs or defendants actually interested in such controversy.

There is no question but that in the present case the suit is a controversy between citizens of different states. It is that, and something more. It includes within it also a controversy in part between citizens of the same state. Whether this last-mentioned fact is sufficient to defeat the jurisdiction of the federal courts, and take away the right of removal, is a question which the supreme court has never decided; and, being open, I am permitted to follow the suggestions of my own judgment. I am of the opinion that the federal jurisdiction is not lost in a suit between citizens of different states because there may be found in it, as necessary parties, one or more defendants of the same state with the plaintiffs or some of the plaintiffs. Their presence makes it none the less a controversy between citizens of different states. To this effect are the opinions of Judge Dillon, in his Removal of Causes (page 30), of Justice Bradley in Girardey v. Moon [Case No. 5,462], and of Justice Strong in Taylor v. Rockefeller [Id. 13,802]. Judge Dillon says: "Looking at the purpose in the grant of the federal judicial power in the constitution, and the benefits which are felt to flow from the exercise of this jurisdiction, and the embarrassments which would result from a close and rigid construction of the constitution in this regard, we think the supreme court would be justified in holding that a case does not cease to be one between citizens of different states because one or more of the defendants are citizens of the same state with the plaintiffs or some of the plaintiffs, provided the other defendants are citizens of another or other states." Mr. Justice Bradley states his opinion to be "that, whenever the controversy in a suit is between citizens of different states, it is within the judicial power of the United States, though there are other persons in the case citizens of the same state with a person or persons on the opposite side." Mr. Justice Strong plainly indicates his view when he says: "Whether since the act of 1875 the right of removal extends to all cases in which some of the necessary or indispensable defendants are citizens of the same state with the plaintiffs, or some of them, is no doubt a very important question, not yet decided. It does not, if the rule of construction applied to the judiciary act of 1789 and the acts of 1866 and 1867 is applicable to the later act. But the later act for the first time adopts the language of the constitution, and seems to have been intended to confer on the circuit courts all the jurisdiction which, under the constitution, it was in the power of the congress to bestow. Certainly the case mentioned would be a controversy between citizens of different states, and the reasons which induced the framers of the constitution to give jurisdiction to the federal courts of controversies between citizens of different states apply as strongly to it as they do to a case in which

all the defendants are citizens of a state other than that in which the plaintiffs are citizens; and, if that instrument is to be construed so as to carry out this intent, it would seem the question is to be answered in the affirmative."

Entertaining this view, if all the defendants had joined in the petition for removal, I should have had no difficulty in holding that the case was removed and properly removable under the first clause of the 2d section of the act of 1875, which provides for the removal of all suits in which there is a controversy between citizens of different states. But it only authorizes "either party" to file the petition, and the uniform construction of the word "party," in this connection, has been that it includes all the plaintiffs, or all the defendants. Congress might have vested, but in fact it did not vest, the power in one of either to do it. But the 2d clause of the same section grants the right of removal to one or more of several plaintiffs or defendants, where there "is a suit in which there is a controversy that is wholly between citizens of different states and which can be fully determined as between them." Is this such a case? The suit is upon an alleged joint contract or liability. For the purposes of this motion, and in the absence of evidence to the contrary, we must look to the pleadings for the character of the action. If the contract were several as well as joint, there might be as many controversies within the suit as there are persons charged with liability. A casual glance at the statute of the state regulating the methods of procedure in actions of this sort gives some support to the idea that the joint contractors are to be treated as if severally liable. But upon a closer inspection of the section, and looking at the interpretation which the legislature itself has given within the body of the statute, I incline to the opinion that "separately," as used therein, does not mean "severally," and that the whole intention of the provision is to require the defendants actually served with process in a suit on a joint contract to plead or answer without the other joint contractors against whom process has been issued but not served.

The resident plaintiff corporation insists that, on the proceedings under this statute, all the joint defendants are necessary parties to the action, and that no judgment can be taken, except jointly against all. The case has its peculiarities, and is not without its difficulties; but, upon the whole, I think that the above view of the plaintiff is correct. Upon establishing the joint liability the plaintiff is entitled to a judgment, not against those served with process only, but against all the defendants jointly; and I am not able to find in the suit any controversy which is wholly between citizens of different states, and which can be fully determined, as between them, without the presence of the other joint contractors in the proceedings. Some effect must be given to the words "wholly" and

"fully" in the statute respecting removals. The question of the alleged joint liability of the defendants depends upon the fact of the alleged partnership, and I am not able to perceive how that, as the question in the case, can be said to be wholly between the plaintiff and the petitioning ·defendant, or how it can be fully determined between them without vitally touching the interests of all the other defendants. With this view of the law and of the nature of the suit, the motion to remand must be sustained, and it is ordered accordingly.