MARGARET RUCKMAN, by her next friend, etc., *v.* THE PALISADE LAND COMPANY and others.

*(Circuit Court, D. New Jersey. March 16, 1880.)*

REMOVAL OF CAUSE—NECESSARY PARTIES TO PETITION—ACT OF MARCH 3, 1875.—Where the removal of a cause is prayed for under the act of March 3, 1875, upon the ground that "the controversy in the suit is between citizens of different states," it is necessary that all the parties, plaintiff or defendant, should join in the petition for removal.

SAME—SUIT BY A MARRIED WOMAN—NEXT FRIEND — In a suit by a married woman, her next friend has no interest in any controversy involved in the suit, within the meaning of the act of March 3, 1875.

Motion by plaintiff to remand.

NIXON, J. The motion is to remand this suit to the court of chancery of New Jersey, in which proceedings have been taken to remove it into this court under the act of March 3, 1875.

The bill of complaint was filed in that court by Margaret Ruckman, a citizen of the state of New York, wife of Elisha Ruckman, by her next friend, Samuel M. Hopping, a citizen of the state of New Jersey, for the foreclosure of a certain indenture of mortgage to secure the sum of $272,286.75, executed by one John L. Bronnell and wife to the defendant Elisha Ruckman, on various tracts of land in the county of Bergen, and state of New Jersey, and alleged to have been assigned by the said Elisha to his wife, the complainant, through one Richard L. Simonson.

Elisha Ruckman, living apart from his wife, was also a cit-

izen of the state of New York, and was made a party to the suit, that he might be decreed to deliver over to the complainant the custody and possession of the mortgage and bond and assignments, which, it was alleged, he had unlawfully retained after his transfer of the same to the complainant. The bill contained the prayer that if the said complainant should fail to get the possession of the bond, mortgage and assignments, the said bond and mortgage might be foreclosed without such possession, and proof made of the amount due thereon. The other defendants were made parties, either because they had become purchasers of some portion of the mortgaged premises, subject to the lien of the mortgage, or because they were the judgment creditors of Elisha Ruckman, and had attached his right and interest in the mortgage by proceedings in foreign attachment, by virtue of which they claimed to have a lien upon the mortgage debt.

The petition for the removal of the cause into this court was filed by the defendant Elisha Ruckman under the second section of the act of congress of March 3, 1875, which provides "that any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500,    *    *    *    *    in which there shall be a controversy between citizens of different states,    *    *    *    *    either party may remove said suit into the circuit court of the United States for the proper district. And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit into the circuit court," etc.

It will be observed that there are two clauses to this section, the first having reference to a suit in which there is a controversy between citizens of different states, and the second to a suit in which there is a controversy which is wholly between citizens of different states, and which can be fully determined as between them. A suit of the first

character is only removable when either party—*i. e.*, all of the plaintiffs or all of the defendants—join in the petition for removal. *National Union Bank of Dover* v. *Dodge,* 25 Int. Rev. Rec. 304. But a suit of the second character may be removed by one or more of the plaintiffs or defendants actually interested in such controversy. If the present cause is removable by these proceedings, it must be under the last clause of the section, as only one of the defendants has filed the petition.

We have, then, to consider these two questions: (1) Does the suit embrace a controversy which is wholly between citizens of different states, and which can be fully determined as between them? (2) Has the defendant Ruckman an actual interest in such controversy? If both are answered in the affirmative the removal is within the law, otherwise the cause must be remanded.

It is conceded that a suit may include more than one controversy There may be several. Many different subjects of controversy are often involved in a suit, in some of which one or more of the defendants are actually interested, and the other defendants are not.

In *Taylor* v. *Rockefeller,* 18 Am. Law Reg. 307, Mr. Justice Strong, in interpreting this clause of the third section of the act, says: "The right of removal is given where any one of these controversies is wholly between citizens of different states, and can be fully determined, as between them, though there may be other defendants actually interested in other controversies embraced in the suit. The clause 'a controversy which can be fully determined as between them,' read in connection with the other words, 'actually interested in such controversy,' implies that there may be other parties to the suit, and even necessary parties, who are not entitled to remove it. Such other parties must be indispensable to a determination of that controversy, which is wholly between the citizens of different states, or their being parties to the action is no obstacle to the removal of the case into the circuit court."

In determining the question of the jurisdiction of this court in the case we must look at the petition for removal, and the bill and answer filed, and ascertain whether such a controversy is found as the act of congress prescribes.

None such is suggested in the petition. The removal is prayed for because the controversy in the suit is between citizens of different states. But that is one of the grounds of removal stated in the first clause of the section, in which the united action of all the defendants or all the plaintiffs is necessary to make the petition operative.

I might rest the decision of the motion upon this, and remand the cause, (*Gold Washing & Water Co.* v. *Keyes,* 6 *Otto,* 201,) but as it was not adverted to in the argument, and another question was fully discussed, it will not be improper for me to give it some attention.

It will be observed that Margaret Ruckman, being a *feme covert,* has filed her bill of complaint, by her next friend, Samuel M. Hopping, who is a citizen of the state of New Jersey. It was insisted, on the hearing, that he thus became a necessary party to the suit, and as the petitioner for the removal was a citizen of New York, and the said Hopping a citizen of New Jersey, a controversy existed between citizens of different states.

It was in accordance with the long established principles of equity practice for the complainant. a *feme covert,* to file the bill by her next friend. It may be doubted, however, in view of the legislation of New Jersey in regard to married women, whether such a course was necessary. The eleventh section of the married women's act, (Rev. St. of N. J. 638,) provides that a married woman may maintain an action in her own name for the recovery of money, and all property, real or personal, which by that act was declared to be her separate property.

But, whether a necessary party or not, the next friend thus introduced has no possible interest in any controversy involved in the suit. No decree could be made for him, whereby he would be personally benefited, or against him, except for costs, if the real complainant failed to establish her claim to

the property. In ascertaining the actual parties to the controversy we must look at the substance and not at the mere form. The bill was filed by Mrs. Ruckman for the foreclosure of a mortgage, and in the suit there was involved a controversy with her husband as to the rights of ownership and possession of the original papers evidencing the existence of the mortgage. The petitioner was, doubtless, actually interested in that question, and so was the complainant. It was the principal controversy in the suit. The husband and wife were the real parties to it, and both are citizens and residents of the state of New York.

But, besides this, admit it to be true that Samuel M. Hopping was a necessary party, what controversy arises in the proceedings which is wholly between him and the petitioner, and which can be fully determined as between them? Surely, not the controversy about the ownership and possession of the bonds and mortgages, because Mrs. Ruckman has an interest in that question, and was an indispensable party in a suit for its determination.

In short, I am unable to find in the petition or the pleadings any facts which warrant the removal by the defendant Ruckman, and the cause must be remanded to the court of chancery of New Jersey, with costs.