## SMITH *v.* McKAY and others.

*(Circuit Court, E. D. Michigan.* November 9, 1880.)

1. REMOVAL — PETITION — PARTIES — ACT OF MARCH 3, 1875, § 2, FIRST CLAUSE.—The first clause of the second section of the removal act of March 3, 1875, relates only to cases in which there is a single, indivisible controversy, and in which all the individuals upon the moving side are necessary parties to such controversy. In such case all of the individuals upon such side must unite in the petition for removal.

2. SAME—SAME—SAME—ACT OF MARCH 3, 1875, § 2, SECOND CLAUSE.—The second clause contemplates cases in which there are persons whose presence is not necessary to the determination of the main controversy; in which case either one or more of their co-parties may petition for removal, though all be citizens of the same state.

3. SAME—SAME—SAME.—Hence, where A., a citizen of New York, sued B., C., D., E., and F., citizens of Michigan, and B. filed a petition for removal, alleging that the controversy was wholly between the plaintiff and B., C., D., and E., and that F. was not a necessary party to the trial of such controversy, *held,* that the case was properly removed.

Motion to Remand.

This was an action of replevin originally commenced in the state court by John L. Smith, a citizen of the state of New York, against John McKay, Eugene Robinson, Jesse H. Farrell, Henry Rose, (impleaded as John Doe,) and J. P. Johnson, all citizens of the state of Michigan. The petition for removal was made by defendant McKay alone, and set forth, in addition to the other material allegations, that he was "a citizen of the state of Michigan; that Eugene Robinson, Jesse H. Farrell, Henry Rose, (impleaded as John Doe,) were and are also citizens of the state of Michigan, and that the controversy in said suit is and the issues are wholly between the plaintiff, the petitioner, and the other defendants above named; that the said defendant J. P. Johnson is not a necessary party to or in the trial of said controversy or issues, or any of them, and said Johnson also was and is a citizen of the state of Michigan." Motion was made to remand upon the ground that only one of the defendants petitioned for the removal.

*Beakes & Cutcheon,* for motion.

*Moore & Canfield,* for petitioning defendant.

v.4,no.5—23

BROWN, D. J. This suit was removed under the second section of the act of March 3, 1875. This section provides for the removal of suits between citizens of different states in two classes of cases: *First,* cases in which there shall be a controversy between citizens of different states, in which case "either party" may remove the suit into the proper circuit court; *second,* cases in which there shall be a controversy "between citizens of different states, and which can be fully determined as between them," in which case "either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States."

In construing the first clause of this section it has been uniformly held that the words "either party" comprehend all the individuals upon one side of the controversy, and that all such individual parties must unite in the petition. *The Removal Cases,* 100 U. S. 457; *C. & St. L., etc., R. Co.* v. *Macomb,* 9 Rep. 569; *Ruckman* v. *Palisade Land Co.* 1 Fed. Rep. 367; *In re Fraser's Estate,* 6 Rep. 357; *National Bank* v. *Dodge,* 25 Int. Rev. Rec. 304.

These decisions were a mere application to the act of 1875 of the rule which had obtained with reference to removal under previous acts. Under the judiciary act of 1789 it had been well established that all of the defendants must unite in a petition for removal. *Smith* v. *Rines,* 2 Sum. 338; *Beardsley* v. *Terrey,* 4 Wash. 286; *Ward* v. *Arredondo,* 1 Paine, 410.

The second clause of section 2, under which the removal of this case must be supported, if at all, was undoubtedly intended to apply to a different class of cases from those mentioned in the first clause; otherwise the first clause is unnecessary. The first clause, as well as the second, contemplates a controversy wholly between citizens of different states, and which can be fully determined as between them. But it would not be consonant with sound principles of construction to say that both of these clauses meant the same thing, and gave the parties the option of petitioning jointly or severally. The second clause evidently contemplates not only a controversy

wholly between citizens of different states, and which can be fully determined as between them, but the existence of other plaintiffs or defendants who are not necessary to such controversy. We understand this to be conceded by both sides. The real question is whether such other plaintiffs or defendants shall be citizens of different states from the other co-plaintiffs or co-defendants. The plaintiff in this case insists that, inasmuch as all of the defendants are citizens of the state of Michigan, they must all unite in the petition, and that it could only be upon the hypothesis that Johnson, whose presence is not necessary to this controversy, is a citizen of the same state with the plaintiff. That would entitle one or more of the other defendants to remove the case under the second clause. On the other hand, it is claimed that the first clause only applies where all of the defendants are necessary parties to the controversy, in which case it is admitted that all must join; but that, if there is a defendant who is not a necessary party to this controversy, the other defendants, or either of them, may petition for the removal, although such non-interested defendant may be a citizen of the same state with themselves. It is very probable that, in enacting this section, the legislature had in mind the existence of defendants whose citizenship would prevent a removal of the case by the other defendants; but the language of the act bears no such construction.

The fact that the more interested defendant shall be a citizen of the same state with the plaintiff, or of any other state than the other defendants, is nowhere suggested in that clause, and any such construction would require us to interpolate words which are not there found.

Such a restriction is found in the removal act of 1867, (Rev. St. § 639, subd. 2.) By this subdivision a removal is provided for when the suit is by a citizen of the state wherein such suit is brought against a citizen of the same state and a citizen of another state, in which case it may be removed, as against such citizen of another state, upon his petition; if, so far as it relates to him, the suit is brought for the purpose of

restraining or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the cause.   Now, if the second clause of the second section of the act of March 3, 1875, was intended to cover cases of this kind, it would have been natural and easy to repeat the language of the act of 1867.   Instead of that, however, we find that it is only necessary that there shall be a controversy wholly between citizens of different states, and which can be fully determined, as between them, without the presence of other plaintiffs or defendants who may have been joined with them as parties to the case.   If it were otherwise, then the presence of the unnecessary defendant, who might be unwilling to have the case removed, could in any case prevent such removal.

Upon a careful reading of this section I have concluded that the first clause relates only to cases in which there is a single indivisible controversy, and in which all the individuals upon the moving side are necessary parties to such controversy.   In such case all of the individuals upon such side of the controversy must unite in the petition.   The second clause contemplates cases in which there shall be parties whose presence is not necessary to the determination of the main controversy, in which case either one or more of their co-parties may petition for removal, even though all be citizens of the same state.

This is the case set forth in the petition for removal in this cause, and the motion to remand must, therefore, be denied.