KANSAS CITY & T. RY. CO. *v.* INTERSTATE LUMBER CO.

(*Circuit Court, W. D. Missouri, W. D.* August 27, 1888.)

1. REMOVAL OF CAUSES—MOTION TO REMAND—TIME OF HEARING.
    Under the removal acts of 1875 and 1887, § 3, requiring the party removing the cause to give bond for entering in the United States circuit court, on the first day of its next session, a copy of the record, and for appearing and entering bail, etc., and providing that, such copy being entered, the cause shall proceed as if it had been commenced there, the United States circuit court has no power to remand a cause so removed, for want of jurisdiction prior to the return-day, that being the next regular term after the removal.

2. SAME—PROCEDURE AFTER REMOVAL — EMINENT DOMAIN — APPOINTMENT OF COMMISSIONERS.
    Under the Missouri statute for the condemnation of land by railway companies, providing that a summons shall be issued to the owner, giving him 10

days' notice of the time when the petition will be heard, where the cause is removed to the United States circuit court on the return-day of the summons, the appointment of commissioners by the latter court to assess damages is a proceeding in the cause, and will not be made prior to the next regular term after the removal.

At Law.

Condemnation proceedings by the Kansas City & Topeka Railway Company against the Interstate Lumber Company. Motion of petitioner to remand cause to state court, or to appoint commissioners to assess damages.

*Crittenden, McDougal & Stiles,* for petitioner.

*Kagy & Bremerman* and *Jefferson Brumback,* for defendant.

PHILIPS, J. The petitioner instituted this proceeding in one of the circuit courts of Jackson county, Mo., for the condemnation to its use of certain land belonging to the defendant. The petitioner is a railroad corporation, claiming the right of condemnation under grant of power therefor under the statutes of this state. Both parties are non-residents. On service of summons on defendant, it appeared before the state court, and filed its petition for the removal of the cause to this court. The removal was accordingly made. The record from the state court is properly returnable to the next session of the United States circuit court, which would be the third Monday of October next; but the petitioner appears here and presents the record, and, after notice to the defendant, moves the court to remand the cause for the reason that this court has no jurisdiction over the subject-matter, with the further suggestion that, if this court should hold that the removal was well taken, the court then proceed to appoint commissioners, pursuant to the statute, to assess the damages, without waiting therefor until the next session of this court.

The motion to remand presents for determination the question of practice whether or not this court can entertain such motion prior to the term of court in which the defendant is required to file the copy of the record. By the third section of the removal act of 1875, as well as by that of 1887, the party removing the cause is required to give bond "for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit for their appearing and entering bail, etc.; and, the said copy being entered as aforesaid in said circuit court, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." There can be no question but that in contemplation of this statute the cause would not be for hearing until the next regular term of the United States court occurring after such removal. It has been held, however, that this statute does not prevent the other party from bringing up and filing in the United States court such copy of the record, and this he may do at any day before the return-day; but the cause itself could not be proceeded in prior to the term at which, by the terms of the bond, the removing party is required to present the record, and enter his appearance. It is also well settled that from the time of entering the motion, and tendering

the required bond for removal, the jurisdiction of the state court over the subject-matter of the suit ceases, and the jurisdiction of the United States circuit court attaches *eo instanti;* but the exercise of that jurisdiction begins when the copy of the record is entered in court. *Railroad Co.* v. *Koontz,* 104 U. S. 5–14. The case is supposed to be docketed on filing the transcript. Spear, Fed. Jud. 520. This would be the docket of the next session for the purpose of the exercise of jurisdiction in proceeding to the hearing, trial, and determination of the cause. As jurisdiction over the case itself is not to be left in absolute suspense between its cessation in the state court and the next session of the United States circuit court, the very necessities of justice, and the preservation of the rights of the plaintiff, would demand that the latter court should exert its jurisdictional power, under certain contingencies, *ad interim.* This, it has been held, it may do on presentation of the record and notice to the adverse party, in the instance of issuing the writ of injunction, or some restraining order to preserve the *status* of the case, or to appoint a receiver, and to issue the writ of attachment in aid of the suit. Dill. Rem. Causes, 71; *Mining Co.* v. *Bennett,* 4 Sawy. 289; *Railroad Co.* v. *Railroad Co.,* 5 Fed. Rep. 160; *In re Railway Co.,* 2 McCrary, 216, 4 Fed. Rep. 10. So it was held, orally, by Judge DILLON, when judge of this circuit, that between the time of the order of removal in the state court, and the filing of the record in the United States court, depositions might be taken *de bene esse.* These are in the nature of provisional remedies and orders, designed to preserve the essential rights of the parties, in preventing a failure of justice. In other words, they are agencies to preserve the *status quo* of the parties prior to the act of removal. It seems to me that it would be a forced construction of these rulings to extend them to the instance of remanding the cause prior to the return-day. In order to remand this cause, the court must review the petition, and consider the whole question of jurisdiction, the subject-matter of the controversy, and the character of the parties as disclosed by the petition. If the cause is remanded, it is a final determination of the case, a final judgment, so far as this court is concerned. As the law now stands, it is a judgment not reviewable on appeal or writ of error. It is final. It certainly was not within the contemplation of the framer of the act that the party taking the removal could be thus turned out of the United States court prior to the return-day of the case. It is true, the removal act, section 5, act 1875, which is not repealed by the act of 1887, provides that, if it shall appear to the circuit court, at any time after such suit is brought or removed thereto, that such suit does not really involve the jurisdictional matter, it may be remanded. But it is to be observed that this can be done only "after such suit has been brought or removed thereto." As already shown, this was not contemplated until the time had elapsed when the party so removing it had filed the record. And while the adverse party may present the record, "the suit will stand and be proceeded in the same as if the papers had been filed by the applicant for removal." *McBratney* v. *Usher,* 1 Dill. 371. We have not overlooked, in reaching this conclusion, the suggestion of the great inconvenience and injustice

to the petitioner in a condemnation proceeding in thus delaying action until the succeeding term of the United States court. With the expediency and imperfections of the law the court has nothing to do, except in so far as such matters may aid in a proper interpretation of the statute. Hard cases are the quicksands of the courts, and the constant temptation against which courts ought ever to guard is to make law to meet hard cases, instead of declaring the law as they find it.

2. The next question, in its order, is: Can this court now proceed to the appointment of commissioners, as provided by the state statute, for the assessment of damages? The statute directs, in substance, that where lands are sought to be appropriated by any railroad for public use, and the parties cannot agree upon the proper compensation, such corporation may apply to the circuit court of the county where the land lies, or the judge thereof in vacation, by petition setting forth certain specified facts, praying the appointment of three commissioners or a jury to assess the damages. Upon filing the petition, a summons shall be issued, giving such owner at least 10 days' notice of the time when the petition will be heard. Provision is also made for notice by publication to unknown and non-resident parties. The court, or judge in vacation, on being satisfied that due notice of the pendency of the petition has been given, shall appoint three commissioners, freeholders and residents of the county where the land is situated, to assess the damages, who, after viewing the property, shall forthwith return under oath such assessment of damages to the clerk of the court. The clerk shall file such report, and record the same, and thereupon such company shall pay the clerk the amount of the assessment for the party in whose favor it is made; and, on making such payment, it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid, etc. It is then provided that upon the filing of such report the clerk of the court shall duly notify the party whose property is affected of the filing thereof; and the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions filed by either party in the clerk's office within 10 days after the service of the notice aforesaid; and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown. Such new appraisement, at the request of either party, shall be by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages; such proceedings, however, not to affect the right of the company to enter upon the land, it having paid the original assessment, but only the amount of compensation to be allowed. What has been said respecting remanding the cause is quite applicable to this motion. Judge Dillon, in his work on Removal of Causes, (page 71,) says:

"The jurisdiction of the circuit court does not properly attach until the record of the state court is entered therein. If it be entered before the time, it has been made a question whether it will then attach. For some purposes it would seem that it might; as, for example, if it became necessary meanwhile to issue an injunction, or appoint a receiver, (which should be done, however,

only upon notice,) in order to protect the right of the parties, or to preserve the property in litigation."

So BILLINGS, J., in *Railroad Co.* v. *Railroad Co.*, 5 Fed. Rep. 160, on refusing to dissolve an injunction before the return-day of the record, very aptly expressed the limitation of the rule as to what the United States circuit court might do *ad interim:*

"What the court should do in this, as in all cases where the record is here before the return-day, is by all proper orders to preserve the property in dispute, and the rights of all the litigants."

But it must be conceded that to entertain this motion, and proceed now to the appointment of commissioners, is to proceed with the cause. It is to assume that the cause is properly here, and to take a step therein in the nature of adjudication. As shown by the preceding discussion herein, the court may be called upon to determine, in the first instance, whether or not it has acquired jurisdiction, either over the subject-matter, or from the character of the parties. Unless it has so acquired jurisdiction, it could not proceed to appoint the commissioners, as its act therein would be *coram non judice.* In the next place, the court must determine, from an inspection of the petition, whether or not the jurisdictional facts are stated entitling the petitioner to institute the condemnation proceeding. If it be said in answer to this that the state court has already determined the sufficiency of the petition in issuing the summons to the defendant, it is not maintainable, because the statute directs that upon filing the petition summons shall be issued, giving the owner 10 days' notice "of the time when said petition will be heard;" showing that the petition is not to be heard until after such summons. And as the cause was removed from the state court on the return-day of the summons, the petition remains to be heard. The succeeding section of the statute provides that the next step to be taken is that the court, or judge in vacation, shall be satisfied that due notice of the pendency of the petition has been given. These are facts to be ascertained by the court in the progress of the cause; and whatever construction may be placed upon the term "said petition will be heard," whether it pertain, as contended by counsel for defendant, to the determination in advance of the question whether or not the use be a public one to which the property is to be applied, or whether it pertains solely, as contended by counsel for the petitioner, to the giving the property owner the right to be heard in the matter of appointing proper commissioners, it still remains an action taken by the court in the progress of the condemnation proceedings, and as such it cannot be regarded as in the nature of a mere provisional order designed to maintain the *statu quo* of the parties, "or to preserve the property in litigation." It was for this reason, in the main, that Judge NELSON, in *Re Railroad Co.*, 2 McCrary, 216, 4 Fed. Rep. 10, refused, before the return-day, to appoint such commissioners. As already suggested, before the appointment of such commissioners could be made on this record, I should have to determine the question as to whether this cause was properly removed to this court; and as I am inclined to the opinion that the same was prematurely removed, and as I

have just held that I cannot remand it until the next session of this court, it must follow that I should decline to appoint commissioners as requested. The motions are denied.