## TORRENT *v.* S. K. MARTIN LUMBER CO.

*(Circuit Court, W. D. Michigan, S. D.* February 19, 1889.)

REMOVAL OF CAUSES—PRACTICE—TIME TO PLEAD.

Under the statute requiring that after the filing of the petition and bond for removal the petitioner shall file a copy of the record in the circuit court on the first day of the next term, and that the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court, while the court's jurisdiction becomes vested when the petition and bond are filed, the time for pleading does not begin to run till the record is entered.

At Law. Motion to set aside default and other proceedings.

*Uhl & Crane*, for the motion.

*Smith, Nims, Hoyt & Erwin*, contra.

SEVERENS, J. The plaintiffs commenced this action in the circuit court for the county of Muskegon by an attachment, for the purpose of recovering an alleged indebtedness due to them from the defendant. The defendant, at the time its appearance was due in that court, filed therein its petition for removal into the circuit court of the United States, setting forth that it was a corporation organized under the laws of Illinois, having its principal place of business at Chicago, and that the plaintiffs were all

citizens of the state of Michigan; and filed the requisite bond for entering the record in this court on the first day of the next term. The petition and bond were filed in the state court on the 3d day of January last. On the 29th day of the same month, upon the petition of the plaintiffs, and suggestion that the removal of the cause by the defendant was for the purpose of delay merely, and that there was reason to apprehend that the defendants would not file the transcript here within the proper time, this court entered an order giving the plaintiffs leave to file the copy of the record. The order went no further than that, and did not determine the consequences of filing the record here before the first day of the next term. On the 31st day of January the plaintiffs, pursuant to the leave so granted, filed the transcript in this court. On the 1st day of February they gave notice of the order and of the filing of the transcript to the defendant in Chicago, and on the next day entered the default of the defendant for want of an appearance, and also for want of a plea. This the defendant now moves to set aside.

The entry of the default must have been done, and could only be sustained, upon the theory that the time for pleading continued to run on uninterruptedly upon the removal into this court by the filing of the proper petition and bond in the state court, instead of being suspended. The defendant, on the other hand, insists in its reasons for this motion, and upon the hearing it was argued, that the jurisdiction of this court did not fully attach upon the filing of the petition and bond, and will not be finally vested until the first day of the next term, at the time designated for filing the transcript; and it is said, in substance, that the case is dormant, and the court without power during the interval to move in it, except upon some emergency to preserve the *statu quo*. Finally, it is urged that the time for pleading is suspended during this period of dormancy, and revives only upon the arrival of the day when the record must be brought and filed here. I do not agree to the proposition that there is an intermediate state in which a case is resting after the filing of the petition and bond in the state court, and before the day when the record must be filed in the federal court, and in which the jurisdiction of the latter court is inchoate, and can only be exercised piecemeal, as necessity requires. On the contrary, it appears to me that the correct view of the matter is to regard the jurisdiction over the case as being absolutely and completely acquired by the federal court upon the instant when the state court loses it, and that is upon the proper filing of the petition and bond in the latter court. And it seems to me that the concession that the court may exercise its authority over the case upon its own views of the necessity for it is tantamount to an admission that its jurisdiction is fully vested. But in the exercise of its jurisdiction the federal court is bound to follow the course of practice prescribed by law. If it fails to do this in dealing with the case, its authority is erroneously exercised. It is not, therefore, a question of jurisdiction, but of regularity only. This appears to me to be the view of the subject taken by the supreme court in *Railroad Co.* v. *Koontz*, 104 U. S. 5, where it is said, in the opinion delivered by Chief Justice WAITE, at page 15:

"We are aware that in the *Removal Cases*, [100 U. S. 475,] and *Kern* v. *Huidekoper*, 103 U. S. 485, it is said, in substance, that after the petition for removal and the entering of the record the jurisdiction of the circuit court is complete: but this evidently refers to the right of the circuit court to proceed with the cause. The entering of the record is necessary for that, but not for the transfer of jurisdiction."

And at page 17:

"As we have already seen, the jurisdiction was changed from one court to the other when the case for removal was actually made in the state court. The entering of the record in the circuit court after that was mere procedure, and in its nature not unlike the pleadings which follow the service of process, the filing of which is ordinarily regulated by statute or rules of practice. The failure to file pleadings in time does not deprive the court of the jurisdiction it got through the service of process."

And in *Steam-Ship Co.* v. *Tugman*, 106 U. S. 118, 1 Sup. Ct. Rep. 58, it is said at page 122:

"Upon the filing, therefore, of the petition and bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceased, and that of the circuit court of the United States immediately attached. The jurisdiction of the latter court attached in advance of the filing of the transcript from the moment it became the duty of the state court to accept the bond and proceed no further; and whether the circuit court of the United States should retain jurisdiction, or dismiss or remand the action because of the failure to file the necessary transcript, was for it, not the state court, to determine."

The next question is, what is the course of procedure prescribed by law in such cases? In regard to this it appears to me to be necessarily implied in the provision that the petitioner shall file the copy in the circuit court of the United States on the first day of the next term, and that the cause shall "then proceed in the same manner as if it had been originally commenced in said circuit court;" that the time which will elapse before that date is not to be counted in measuring the periods allowed for the steps in pleading. For, while it is absolutely settled that the federal court may direct or permit the record to be entered before the first day of the next term, still it is evident that in the general course it was contemplated by the statute that the record would not be entered until that time. That being the clear intent of the law, it must be taken as implied that the time for taking forward steps in the pleadings in the case was intended to be suspended until the time fixed when the record must be entered; otherwise we should have the anomaly of a course of pleading going forward here before the return of the record. To pursue the analogy suggested by the Chief Justice in *Railroad Co.* v. *Koontz*, *supra*, it would be like accelerating the pleadings and the joining of the issue before the return-day of the process, which has been duly served. There would be the like irregularity and error in the one case as in the other.

The result is that the default was prematurely entered, and must be set aside. The other parts of the motion are denied, namely, that "all proceedings of the plaintiff in this court in this cause be set aside for want of jurisdiction," "and for a stay of all proceedings in this cause in

this court until the first day of the next session of this court;" the former because, whether grounded upon good reason or not, such proceedings are harmless to the defendant; and the second, because, in the present situation, and in the view which has been taken of the principal question, no such order is required or would be appropriate.