## ROGERS *v.* VAN NORTWICK *et al.*

*(Circuit Court, E. D. Wisconsin.* March 23, 1891.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.
   To an action claiming the rightful ownership of certain shares of stock in a resident corporation, which are in the name of non-resident stockholders, the corporation is an essential party, and there is no separable controversy.

2. SAME.
   There being no separable controversy, the cause is not removable, under Act Cong. March 3, 1887, (24 St. c. 373, p. 552, § 2, cl. 3,) as amended by Act Aug. 13, 1888, (25 St. c. 866, p. 434,) providing for removal when the controversy is wholly between citizens of different states.

3. SAME—TIMELY APPLICATION.
   Where the petition for removal was filed by some of the defendants after answer, and after their time to answer had expired, but before the expiration of the time, and before answer by the others, the application by the answering defendants was too late, and the others are subjected to their disability.

On Motion to Remand.

The complainant, a citizen of Wisconsin, filed his bill in a state court against one John Van Nortwick, a citizen of Illinois, and the Green Bay & Mississippi Land Company, a corporation under the laws of Wisconsin, claiming the rightful ownership of certain shares of stock in the defendant company, in the name of and claimed to be owned by John Van Nortwick, and prayed judgment decreeing such ownership, and a transfer to the plaintiff of such stock. Upon service of process, the corporation defendant answered to the bill, disclaiming interest in the controversy, and submitting to the judgment of the court. Process was not served upon John Van Nortwick, who died testate soon after institution of the suit. Upon probate of his will, William M. and John S. Van Nortwick were appointed and qualified as executors of the will, the provisions of which are not disclosed in the record. Thereafter, by order of the court, the suit was continued against the executors, and against the widow and children of the deceased, all citizens of Illinois, as heirs at law. A supplemental bill was filed accordingly, and process issued thereon was personally served within this district upon the defendants John S. and William M. Van Nortwick, individually and as executors. They duly answered to the bill within the time limited by law. An order was made for service of process by publication upon the non-resident defendants, and publication had. After answer by John S. and William Van Nortwick, and after expiration of their time to answer, but before the expiration of the time to answer under the order of publication, and before answer by the other non-resident defendants, upon the joint petition of all the heirs at law of the deceased, an order was made for the removal of the cause into this court. Upon the docketing of the cause here, the plaintiff moves to remand.

*Lyman E. Barnes,* for plaintiff.

*John Goodland,* for defendants.

JENKINS, J., (*after stating the facts as above.*)    There is here no separable controversy.   A decree affecting the corporation defendant is dependent upon and to carry into effect the judgment upon the controversy touching the ownership of the stock.    There can be but one issue and but one decree.    The controversy is incapable of separation into parts.    *Corbin* v. *Van Brunt*, 105 U. S. 576; *Fraser* v. *Jennison*, 106 U. S. 191, 1 Sup. Ct. Rep. 171.    To that controversy the defendant company is an indispensable party.    To give effect to any decree establishing the complainant's right to the shares of stock, and to enable him to stand as legal owner of them, recognized as such by the corporation, the company must be decreed to cancel on its books the evidence of their ownership by the representatives of John Van Nortwick, and to issue to the complainant certificates for the shares.    *Crump* v. *Thurber*, 115 U. S. 56, 5 Sup. Ct. Rep. 1154.    Failing a separable controversy, the cause is not removable under the third clause of section 2 of the act of March 3, 1887, (24 St. c. 373, p. 552,) as amended by the act of August 13, 1888, (25 St. c. 866, p. 434.)    That clause is identical with the second clause of section 2 of the removal act of 1875, (18 St. c. 137, p. 471,) excepting only that the right of removal is restricted to the defendant.    The construction of that clause by the supreme court is therefore controlling here.    It was determined that it was applicable only to suits embracing separable controversies.    *Hyde* v. *Ruble*, 104 U. S. 407; *Ayres* v. *Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90; *Railroad Co.* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735.    There being no separable controversy, the cause is not removable under that section.

Nor is the cause removable under the second clause of section 2 of the present removal act; and this for three reasons:    (1) All the defendants, parties to the controversy, must be non-residents of the state in which suit is brought.    Here the defendant company is a citizen of the state in which suit is brought, and of which complainant is a citizen. (2) All the parties upon the one side of the controversy must unite in the petition for removal.    Here the defendant company did not join in the petition.    (3) Assuming that the corporation defendant was not a necessary party to the petition, the petition came too late.    It is not apparent that the heirs at law are necessary parties.    Failing a specific devise of the shares by will, they passed to the executors.    No such devise is stated.    The complainant, having, however, made them parties, and challenged their right, cannot be heard to say that they have no part in the controversy.    The petition was filed after answer by some of the petitioners, and after expiration of their time to answer, and, as to the others, before such expiration of time, and before answer by them.    The answering defendants, failing a timely application for removal, have lost their right.    The others compelled to join with them are subjected to their disability.    *Fletcher* v. *Hamlet*, 116 U. S. 408, 6 Sup. Ct. Rep. 426.    The cause will be remanded.