THOMPSON v. CHICAGO, ST. P. & K. C. RY. CO. et al.

(Circuit Court, D. Minnesota, First Division. April 14, 1894.)

**1. REMOVAL OF CAUSES—REMAND.**
A cause may be remanded prior to the beginning of the term at which (Act 1887–88, § 3) the removing defendants are required to file the transcript in the federal court, when the party moving to remand gives proper notice, and himself files the transcript. Delbanco v. Singletary, 40 Fed. 177, and Mills v. Newell, 41 Fed. 529, followed. Kansas City & T. Ry. Co. v. Interstate Lumber Co., 36 Fed. 9, disapproved.

**2. SAME—PETITION—NONJOINDER OF A DEFENDANT.**
Failure of one of the defendants to join in the petition is fatal to the right of removal (Act 1887–88) when there is no separable controversy.

This action was brought in a Minnesota court by Barney Thompson against the Chicago, St. Paul & Kansas City Railway Company, the Chicago Great Western Railway Company, and the Chicago, Milwaukee & St. Paul Railway Company. It was removed to this court by the two defendants first named, and the Chicago, Milwaukee & St. Paul Company now moves to remand.

John A. Lovely, for plaintiff.
H. H. Field, for Chicago, M. & St. P. Ry. Co.
Daniel W. Lawler, for Chicago, St. P. & K. C. Ry. Co.

SANBORN, Circuit Judge. The defendant the Chicago, Milwaukee & St. Paul Railway Company moves to remand this case on the ground that one of the defendants did not join in the petition for removal. The plaintiff is a citizen of Minnesota, and he brings this action against all the defendants for negligence in so operating their trains that they collided and injured him. The Chicago, Milwaukee & St. Paul Railway Company is a corporation organized under the laws of the state of Wisconsin, the Chicago, St. Paul & Kansas City Railway Company is a corporation organized under the laws of the state of Iowa, and the Chicago Great Western Railway Company is a corporation organized under the laws of the state of Illinois. The two latter companies petitioned for the removal of this cause, but the St. Pa ; Company did not join in the petition. The latter company has filed a transcript of the record, and made its motion to remand this case upon proper notice, nearly two months before the first day of the next session of this court, at which a copy of the record is required to be filed by the petitioning defendants under section 3 of the act of congress of March 3, 1887, as amended by the act of August 13, 1888 (Supp. Rev. St. U. S. 613). The petitioners object that the motion is premature, and insist that the case cannot be remanded until the opening of the next term of this court. An objection of this character was sustained in Kansas City & T. Ry. Co. v. Interstate Lumber Co., 36 Fed. 9, but such an objection was overruled in Delbanco v. Singletary, 40 Fed. 177, 181, and Mills v. Newell, 41 Fed. 529. The rule and the reasons for it expressed in the latter cases are more satisfactory to me, and I proceed to decide the motion upon the merits.

The first clause of section 2 of the removal act of 1875 (18 Stat.

471) is similar to the second clause of section 2 of the act of 1887 (Supp. Rev. St. p. 612). The only difference between the two clauses is that under the act of 1875 it was provided that either party might remove the suit, while under the act of 1887 it is provided that the defendant or defendants being nonresidents of the state may remove it. It was well settled under this clause of the act of 1875 that a removal could not be effected unless all the parties on the same side of the controversy united in the petition, and I think there is no doubt that the same rule must be held to apply to this clause of the act of 1887. Ruckman v. Land Co., 1 Fed. 367; Smith v. McKay, 4 Fed. 353; Rogers v. Van Nortwick, 45 Fed. 513. It follows that, as one of the defendants in this action did not join in the petition for removal, the case was not properly removed to this court under this clause of the act of congress.

The second clause of the second section of the act of 1875 provided that, whenever there should be a controversy which was wholly between citizens of different states, and which could be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy might remove the suit into the circuit court. The third clause of the second section of the act of 1887 is identical with this clause of the act of 1875, except that the words "plaintiffs or" have been omitted. It is well settled that this clause of the acts of 1875 and 1887 governs that class of cases only where there are two or more controversies involved in the same suit one of which controversies is wholly between citizens of different states. In the case before us there is but a single controversy,—a joint cause of action against all the defendants,—and hence the case could not be removed to this court under this clause of the act. Telegraph Co. v. Brown, 32 Fed. 337, 342; Hyde v. Ruble, 104 U. S. 407; Corbin v. Van Brunt, 105 U. S. 576; Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730; Plymouth, etc., Min. Co. v. Amador & S. Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034.

The motion to remand must accordingly be granted.