RFED, District Judge.
This action was commenced January 15, 1909, in the district court of Iowa in and for Lyon county by the plaintiff, as administratrix of the estate of Coder Harrington, deceased, to recover of the defendant railway company damages in the sum of $25,-000 for its alleged negligence in operating one of its trains in said Lyon county which caused the death of said deceased. In the petition it is alleged that plaintiff is a resident of Nebraska, that she had been duly appointed administratrix of the estate of the deceased by the district court of Lyon county, Iowa, but it is not alleged of what state she is a citizen, or, in fact, that she is a citizen of any of the United States. The defendant in due time, and on February 2, 1909, filed in said state court a petition in due form and a sufficient bond for the *715 removal of the canse to this court, and alleged in such petition that the plaintiff at the time oí the commencement oí the action was, and still is. a citizen and resident of the state of Iowa, and that the defendant at such times was a corporation created by and existing under the laws of Minnesota, and was not a resident or corporation of Iowa. The state court, approved the bond and ordered that the cause be removed i.o this court. The next term of this court to he liolden after the cause was so removed is to begin on May 25, 1909, and defendant has not yet filed the record of the cause in this court. The plaintiff, however, ins filed a copy of the record, and moves to remand the cause upon the ground alone that plaintiff, when the action was commenced and ibe petition and bond for removal filed, was a citizen and resident of the state of Nebraska, and the defendant a Minnesota corporation.
The defendant contends that it lias until the first day of the next term nf tin’s court to be liolden after the removal of the cause, in which to file the record and have the cause docketed therein (sections 3 and 7 of the judiciary act of March 3, 1875, c. 137, 18 Stat. 471, 472 [U. S. Comp. St. 190Í, pp. 510, 511]), as amended by that of 1887-88, c. 373, 24 Stat. 554, 555 (U. S. Comp. St. 1901, pp. 582, 579), and that until such time the motion to remand cannot rightly be considered. A contention of this character was sustained in Kansas City & Topeka Ry. Co. v. Interstate Lumber Co. (C. C.) 36 Fed. 9, but was denied in Thompson v. Railway Company (C. C.) 60 Fed. 773; and this later ruling will be followed by this court. Upon the filing of the proper petition and bond in the state court for the removal of a cause the jurisdiction of the state court ceases, and that of the Circuit Court at once attaches if the cause is a removable one; and the Circuit Court should, upon the record being filed in that court, promptly determine upon the motion of-the plaintiff, and due notice thereof to the removing defendant, whether or not the cause is a removable one and is properly removed from the state court, and, if it is not, remand it to that court, in order that unnecessary delays or other injuries to the plaintiff may be avoided because of the attempt to wrongfully remove the cause. If a cause has been properly removed, it may be that the removing defendant should not be forced to a trial upon the merits until the next term of the Circuit Court after the removal, or if that should convene within 20 days, then not until 20 days have elapsed after the removal; a question, however, that it is not necessary to now determine. But that the Circuit Court has the right under section 5 of the act of 1875 to determine whether or not a cause has been properly removed to it immediately upon the filing of the record in that court, either by the removing defendant or the plaintiff, and make such provisional or other orders as may he necessary to protect the rights of the parties if the cause has been properly removed, and to remand it if it has not been, is not doubted.
The plaintiff appears specially, and moves to remand the cause upon the ground that it was improperly removed from the state court, for the reason that at the time the action w'as commenced and the petition for removal filed she was a citizen and resident of Nebraska, and the defendant a corporation of Minnesota. If this is true, the cause should *716 be remanded, for the jurisdiction of this court “is founded only on the fact that the action is between citizens of different' states,” and the plaintiff has timely objected to the removal, and has not invoked the action of this court upon any other question than that of its jurisdiction of the person of the plaintiff. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; Western Loan & Savings Ass’n v. Boston, etc., Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101.
The motion to remand, however, only challenges such jurisdiction as appears upon the face of the record; and the record for this purpose is the petition for removal, and that of the plaintiff in which she states her claim or cause of action against the defendant. The petition for removal plainly states the requisite citizenship and other facts essential to show the jurisdiction of this court of the subject-matter of the controversy, and the right of the defendant to remove the cause from the state court, for it alleges the plaintiff to be a citizen of Iowa, and the defendant a corporation of Minnesota. The allegation of the plaintiff in her petition that she is a resident of Nebraska is not the equivalent of an allegation that she is a citizen of that state; but if she had so alleged, or that the defendant was a corporation of Iowa, that would not preclude the defendant from alleging and showing that' plaintiff was in fact when the suit was commenced, and the petition for removal filed, a citizen of Iowa residing in the Northern district thereof, and that defendant was then a corporation of Minnesota. Texas & Pacific Ry. Co. v. Cody, 166 U. S. 606-609, 17 Sup. Ct. 703, 41 L. Ed. 1132.
The allegations of the petition for removal as to the citizenship of the parties are to be deemed true unless controverted by the plaintiff. If so controverted, an issue of fact is raised which is to be determined in such manner as the court may direct. Wetmore v. Rymer, 169 U. S. 115-119, 121, 18 Sup. Ct. 293, 42 L. Ed. 682. In the motion to remand the plaintiff does controvert the allegation of the petition for removal, and distinctly avers that at the time the suit was commenced in the state court and the petition for removal filed therein she was a citizen and resident of the state of Nebraska and the defendant a corporation of Minnesota. These facts should properly have been presented by a plea to the jurisdiction of the court over the person of the plaintiff, upon which issue could have been joined and the facts determined in the usual manner. But the practice in this district is that, when a formal motion to remand is filed, which also controverts the allegations of proper facts upon which the right of removal is claimed to exist, the motion will not be overruled, but will be ordered to stand also as a plea to the jurisdiction of the court, and*the parties required, unless they shall agree upon the facts, to take their evidence upon such plea in the form of depositions, or in such other manner as the court may order. McGuire v. Great Northern Ry. Co. (C. C.) 153 Fed. 434.
The order, therefore, will be that the motion to remand shall stand as a plea to the jurisdiction of this court over the person of the plaintiff, and that unless the parties shall agree upon the facts in writing, or upon the time of taking the testimony upon such plea, defendant shall take its testimony in support of its petition to remove the cause *717 by deposition, and file the same with the clerk of this court within 15 days after this order; that plaintiff shall then take her testimony by deposition in opposition thereto, and file the same with the clerk of this court within 30 days from the filing of this order; and defendant may then take its rebuttal, if any, and file the same with the clerk by the first day of the next term of this court.
It is ordered accordingly.