# JOSEFINA VEVE ET AL.

*v.*

# FAJARDO DEVELOPMENT COMPANY.

Law, No. 817.

Where an action based on contract and brought in the insular court is removed to the Federal court, the defendant is not in default because of failure to file pleadings, if he tenders a demurrer to the complaint within twenty days after the filing of the transcript, and within ten days after the entry thereof.

Opinion filed October 3, 1911.

CHARLTON, Judge, delivered the following opinion:

This was a motion for a judgment by default, interposed by the plaintiffs above, under the following statement of facts:

Plaintiffs brought their action in the district court of Porto Rico for the district of Humacao, against the defendants, claiming to recover a judgment against the defendants in the sum of $5,000 for a default in the performance by the defendant company of an obligation imposed upon it under and by virtue of an agreement entered into between the parties hereto on January 6, 1910, and particularly clause 8 thereof, which is as follows:

"Clause 8th: The Senoras (Dona) Concepcion and (Dona) Josefina Veve y Diaz, by their attorneys in fact appearing, give

Veve v. Fajardo Development Co.

their consent to that which may be necessary in order that the Fajardo Development Company may withdraw the ten thousand dollar cash bond which is in the hands of the Treasurer of Porto Rico as a guarantee for the taking up of said railway of the Esperanza Central Sugar Company, and in exchange The Fajardo Development Company, by its General Manager (Don) Jorge Bird Arias, obliges itself to pay a penalty of five thousand dollars, if, within the time already fixed as hereinbefore stated, it should not cause to be taken up the said railway of The Esperanza Central Sugar Company, in the event of failure so to do paying the said five thousand dollars to the Senoras (Dona) Concepcion and (Dona) Josefina Veve y Diaz one half to each and without prejudice to whatever rights they may claim on account of said breach by said Company."

Subsequently, and within the time limited by law, the defendant, by proper proceeding, removed said action from the district court for Humacao into this court.

The transcript of record in the insular court was filed in this court on September 11, 1911; and thereafter, and upon September 22, 1911, the attorneys for plaintiffs filed with the clerk of this court a precipe for a default on the part of the defendant to plead or answer to the petition of plaintiffs within the time limited by law; and subsequently, and upon September 27, 1911, attorneys for plaintiffs filed a motion in which the court is requested to issue an order upon the clerk, directing him forthwith to enter the default of the defendant herein, in accordance with the precipe theretofore filed.

Said precipe and motion being based on § 194, ¶ 1, of the Code of Civil Procedure of Porto Rico, as follows:

"In an action arising upon contract for the recovery of money

Veve v. Fajardo Development Co.

or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in § 96."

Thereafter, and upon September 27, 1911, the court, entertaining the motion of plaintiffs for a default, requested that counsel for defendant be notified that he would have opportunity to be heard before the motion of plaintiff was granted, and thereupon, and upon September 30th and October 2, 1911, argument was had, on behalf both of plaintiffs in support of their motion, and of defendant in opposition thereto.

Plaintiffs pray judgment by default against the defendant, basing their claim upon the fact that no pleading had been filed on behalf of defendant in this court prior to September 23, 1911, when defendant interposed a general demurrer to the complaint, and based his motion upon ¶ 8 of § 194 of the Code of Civil Procedure, supra, and upon the next to the last paragraph of rule 9 of the Rules of the District Court of the United States for Porto Rico, as follows:

"In all actions so removed, in which the plaintiff shall fail so to file reformed pleadings as aforesaid, the clerk shall enter same upon the law docket as an action at law as of the date of the filing of the transcript, and the defendant shall have ten (10) days from the date of the notice served upon him of the filing of such transcript in which to plead to the complaint.

Thereafter the cause shall proceed in the regular course as an action at law."

In opposition to the motion there were advanced on behalf of the defendant three points:

First. That under cases cited by counsel in support of this point, the defendant would be in time with a pleading or answer if the same were filed before the next regular term of this court, if the same were filed within twenty days of the beginning of said term. In support of his position, he cited cases reported: Torrent v. S. K. Martin Lumber Co. 37 Fed. 727; The John Bramall, 10 Ben. 495, Fed. Cas. No. 7,334; Kansas City & T. R. Co. v. Interstate Lumber Co. 36 Fed. 9–11; and 25 Stat. at L. 434, chap. 866, U. S. Comp. Stat. 1901, p. 508.

Under the organic act of Porto Rico, being the act of Congress approved April 12, 1900, it is provided in § 34 thereof, being the provision constituting Porto Rico as a judicial district of the United States, that regular terms of this court shall be held at San Juan, commencing on the 2d Monday in April and October of each year. The 2d Monday of October in the year 1911 falling on the 9th day of said month, and the pleading tendered on behalf of defendant having been filed in the office of the clerk of the court upon September 23, 1911, twenty days would not elapse between the date of such filing and the date of the beginning of the next regular term of said court. The first point on behalf of defendant is therefore overruled.

Second. That plaintiffs are not entitled to a judgment by default, unless the complaint upon which their case rests, states a cause of action. This point is directed to the demurrer interposed on behalf of defendant, filed September 23, 1911, and claim was made on behalf of defendant that the position herein

was fatally defective in that, although it recited a liability under an agreement, after the expiration of the time therein provided, as is herein set forth in § 8 of said agreement, supra, and although the complaint alleged that by reason of the breach of said agreement, in the manner therein set forth, a liability had attached to it, in that the action therein provided to be taken by defendant had not been so taken by it, and that fact having been confessed by the demurrer, the second point is hereby overruled.

Third. That the defendant, having tendered a demurrer to the complaint within twenty days after the filing of the transcript herein, and within ten days after the entry thereof, under rule 9 of this court, is from that fact not in default, as the proper construction of rule 9, and particularly of the next to the last paragraph thereof, would require the clerk to enter a cause removed under circumstances here existing, as an action at law upon the law docket ten days after the same was filed in this court, which would be September 21, 1911, and that the defendant should have ten days thereafter—that is, ten days from the date of the notice served upon him of the filing of such transcript—in which to plead to the complaint. In drafting said portion of rule 9, it is apparent that the same error, of confusing of the terms "entering" and "filing," was committed as is apparent in some of the adjudicated cases. It is clear that the clerk, acting ministerially, is in almost every case required to file as of the date of offer, pleadings or motions in cases so removed. The laws of the United States and of Porto Rico, and the rules of this court, and especially the 2d and 3d paragraphs of rule 9 thereof, make provision by distinction between what shall constitute a "filing" and an "entry," and it is apparent that when the court used the word "filing" in relation to the

Veve v. Fajardo Development Co.

time within which the defendant should plead after the entry of the transcript, in confusion for the word "entering," as otherwise the absurdity would be produced of serving a notice of filing of a transcript upon the defendant, when the same had been filed by him.

The court therefore is of opinion, and orders the motion and demurrer of the defendant to be overruled and denied upon grounds one and two advanced by him, and sustains the contention of the defendant as to the proper construction of the 3d paragraph of rule 9 of this court, and requires that the defendant shall either elect to stand upon the demurrer interposed in its behalf, or shall tender an answer to the petition of plaintiffs on or before the conclusion of the official day, October 4, 1911.