CHARLOTTESVILLE NAT. BANK (JOHNSTON v.). See Case No. 7,425.

CHARLOTTESVILLE NAT. BANK (SELIGMAN v.). See Case No. 12,642.

CHARLOTTE VANDERBILT, The (SQUIRES v.). See Case No. 13,271.

## Case No. 2,623.

### CHARTER OAK FIRE INS. CO. v. STAR INS. CO.

[6 Blatchf. 208.] [1]

Circuit Court, D. Connecticut. Oct. 8, 1868.

#### REMOVAL—ORIGINAL SUIT.

Where a suit at law was brought, in a state court, on a policy of re-insurance, and, while it was pending, the plaintiff brought a suit in equity, in the same court, against the defendant to reform the policy, for mistake, and to prohibit the defendant from setting up, in defence, certain specified matters, and the defendant removed the suit in equity into this court, under the 12th section of the act of September 24th, 1789 (1 Stat. 79): Held, that the suit in equity was an original suit, and was properly removable under said section.

[Distinguished in Ladd v. West, 55 Fed. 354.]

This was a suit in equity [by the Charter Oak Fire Insurance Company], commenced in the superior court of Connecticut, for Hartford county, and removed into this court by the defendants [the Star Insurance Company], under the 12th section of the judiciary act of September 24, 1789 (1 Stat. 79). The plaintiffs now moved to remand the suit to the state court.

Before NELSON, Circuit Justice, and SHIPMAN, District Judge.

NELSON, Circuit Justice. The plaintiffs brought a suit at law, in the superior court of Connecticut, for Hartford county, against the defendants, a corporation created under the laws of New York, its place of business being at Ogdensburg, St. Lawrence county, New York, on a policy of re-insurance. The defendants appeared, and, on the trial, moved

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

for a nonsuit, which, according to the practice, reserved the question for the advice of the supreme court of errors. Pending this case, the same plaintiffs filed a bill before the same court sitting in chancery, to reform and correct the policy of re-insurance, claiming certain mistakes in it, and praying that the contract might be reformed, and the defendants be prohibited from setting up, in defence, certain specified matters. On the appearance of the defendants to this suit, the proper steps were taken by them to remove the cause to this court, they being non-residents, and coming within the 12th section of the judiciary act. The plaintiffs, with a view to obtain a decision of this court, as to the legality of this proceeding, have made this motion to remand the cause.

It is understood that the state court refused the application for the removal, on the ground that the case did not come within the act of congress. The argument is, that this suit is ancillary to, or in aid of, the suit at law, and is not an original suit, in the sense of the 12th section, but is supplemental to, and dependent on, the suit at law, pending in the same court, the court possessing jurisdiction both at law and in equity. We think this a mistaken view of the case. The remedy sought by this bill is founded on a familiar rule of equity jurisdiction, namely, accident and mistake, and which is the appropriate subject of an original bill in equity; and the fact that it is intended to aid a court of law, or to prevent a party from availing himself of an inequitable suit or defence in a court of law, in some other action, does not deprive the bill of its character as an original bill. Bills of a kindred character, such as bills for removing impediments to a trial at law, or advantages gained by fraud, and the like, bills of discovery, creditors' bills, &c., all in aid of suits at law, are the constant subjects of original jurisdiction in equity. If this bill had been brought in the superior court before the suit at law, and which it might have been, and, indeed, most fitly should have been, there could have been no doubt as to the character of the bill; and the circumstance that the plaintiffs chose to bring their suit at law first, can hardly be said to change such character. The jurisdiction of the court cannot depend upon the mere will, or choice, of a plaintiff, as to which suit he will commence first.

We perceive no difficulties in the execution of any decree that may be rendered in this court. If the contract shall be reformed, it will be competent evidence before the court of law, the reform will be as effective as if it had been decreed in the superior court, and the defendants will be as subject to the control of this jurisdiction as of that. Upon the whole, we are of opinion that the cause has been properly removed.