BUELL and others *v*. CINCINNATI, EFFINGHAM & QUINCY CONSTRUCTION
Co. and others.

(*Circuit Court, S. D. Illinois.* November, 1881.)

1. REMOVAL OF CAUSES—RECEIVERS—CONTRACTORS.

Where a receiver who has been appointed by a state court in the interest of
the creditors of a construction company proceeds with the work of construc-
tion by entering into contracts, etc., the fact that a controversy arises between
him and a contractor, or between a contractor and other claimants of a com-
mon fund, does not entitle the contractor to remove the cause to a federal
court, especially after the state court has proceeded, without objection, to adju-
dicate upon the rights of the parties.

Motion at chambers, by William Sturges, to file a transcript of the
state court and to docket the cause in this court.

*Mr. Cooper* and *Mr. Kales*, for Sturges.

*J. C. Black*, receiver, *pro se*.

*Dent & Black*, for receiver and other creditors.

*Mr. Callaghan*, for creditors.

DRUMMOND, C. J.    The object of the motion is to obtain the
opinion of this court upon the question of jurisdiction made in the
case.  The bill was originally filed by some creditors of the con-
struction company in the circuit court of Crawford county, in this
state.  The construction company had made a contract for build-
ing a railroad, and the bill was in the nature of a creditors' bill
for the protection of the interests of the plaintiffs.  A receiver was
appointed by the state court and was authorized to go on and
complete the construction of the road undertaken by the company.
Claiming to proceed in pursuance of the authority thus conferred on
him, the receiver made the contract in which Mr. Sturges was
interested.  If this were a question growing out of an ordinary
application made to the state court by a claimant of the construction
company for the protection of his rights, and asking that the property
in its custody might be made available for his claim, in whole or in
part, and the claim had originated entirely independent of any action
of the state court, possibly there might be some pretence, if the
citizenship of the parties justified it, that the cause might be re-
moved.  But this is a case where the only right which exists is by
virtue of the action of the state court.  The receiver of the state
court, in a suit pending there, was authorized to perform certain
acts; to employ men and to make contracts involving the construc-
tion of a railroad.  In the ordinary case of a receiver appointed by
the court to operate a railroad he may employ agents—as a superin-

tendent, conductor, engineer, or other person—to perform a duty connected with the operation of the road.

It may be that a particular contract which the receiver has made is not authorized, in express terms, by the order of the court appointing him, but still if the act is done under the color of authority of the court, and any controversy arises between the persons employed and the receiver, or between him and other claimants, it would seem as though the court, under whose authority this was claimed to be done, is the proper tribunal to settle it. It could hardly have been in the contemplation of congress that such a course as that supposed would enable a party to transfer a cause to the federal court, where the litigation was pending in a state court. That would be something which grew out of the action of the state court and its officer in the performance of a duty, or what he supposed to be a duty. That was substantially this case. Mr. Sturges has no other standing in this court than what grows out of that posture of the case. He voluntarily went to the state court and asked, through the receiver, that a contract should be made with him. He undertook to perform that contract. It is to be presumed, in the absence of any evidence to the contrary, that he and the receiver both acted in good faith. Upon a question, made in the state court, it was decided that the contract was not authorized by the terms of the order of appointment; but the court also held that Mr. Sturges having performed services and having expended money, it was just he should receive compensation for what had been done, and for the money expended.

I think it may be laid down as a sound principle that if a controversy, under such circumstances, does arise between the contracting party and the receiver, or between him and other claimants to the common fund, out of which they all seek payment, it is not such a controversy as entitles the contractor to remove the cause to the federal court.

In this case, the only question was, what amount should be paid to Sturges for the work and labor done, materials furnished, and money expended. The other claimants, it may be, are in the same condition as himself. They all went before the state court to represent their different claims and insist that they should be paid. Now, is the possibility that there may be a fund less than enough to pay off the various claims, a question of such a character as to entitle a party to remove the cause to this court? I think not. It is true, Sturges may say that some of the petitioners had not a just claim to any portion of the fund, or, if they had, that their claim was subordinate to his. If

that be so, why should not the state court have the right to decide the question? Whatever controversy there is has arisen in that court in the administration of the property or assets which it has taken in charge. It is not the case of an independent controversy which existed when the suit was commenced, but one which has arisen in the execution of the power of the court. It was all done under the color of authority of the state court, and it seems to me that it would be stretching the act of 1875 beyond any case that has yet been decided, to hold that this court has jurisdiction in such a case as this.

It may be added further, and as an additional reason why this court should not now take jurisdiction of the case, that the state court has proceeded without objection to adjudicate upon the rights of the parties. I think that court should be permitted to go on and distribute the fund which it has, or may have in its possession in the case of a sale of the property, to the various claimants. So that, notwithstanding the great anxiety which the counsel seem to manifest, this being the second application of the kind made, this court must decline to take jurisdiction.