## MISSOURI, K. & T. R. Co. *v.* SCOTT and others.

*(Circuit Court, N. D. Texas. October 19, 1882.)*

PRACTICE—INJUNCTION TO STAY SUITS IN STATE COURTS, REV. ST. § 720.

Where the United States court acquires jurisdiction of a case by removal or otherwise, and afterwards parties institute proceedings in state courts that will, if successful, defeat the jurisdiction of the United States court or deprive plaintiffs therein of all benefit of any decree or judgment rendered in their favor, the United States courts may by injunction lay hands on the parties and control their proceedings, although proceedings in a state court may be thus indirectly stayed or ended; yet section 720 of the United States Revised Statutes prohibits the granting of injunctions except in bankruptcy cases when the state court has first regularly acquired jurisdiction of the case.

In Equity. Hearing on application for injunction *pendente lite.*

The hearing is on the bill and exhibits; so that all the matters of fact well pleaded may be taken as true. The bill makes a

case showing that a proceeding or controversy was instituted in the county court of Tarrant county, under the laws of Texas, for the condemnation in favor of complainant of certain lands of the defendant Scott for right of way of complainant's railroad; that under the laws of Texas the preliminary proceedings had been had up to the report of the commissioners as to the amount of damages the defendant Scott was entitled to, and including the filing of objections to the report by the dissatisfied parties; that thereupon the complainant filed in said county court its petition and bond for removal of said cause to this court; that the defendant Scott, and defendants Henry Furman and J. Y. Hogsett, attorneys for Scott, and J. F. Swayne, clerk of the county court of Tarrant county, also made defendant, are proceeding with said cause in said county court, in defiance of the said petition and bond for removal of the cause to this court, and will continue to so proceed; that their said proceedings in said cause in said county court will annoy, harass, and damage complainant, compelling it to litigate in two different jurisdictions, and, by causing delays, deprive complainant of certain rights and remedies it has against the International Improvement Railway Company under certain contracts made with that company. Further, that there is now pending in this court a suit brought by defendant Scott against complainant for title to the lands in controversy and for damages, and involving the same issues as the case sought to be removed from the county courts of Tarrant county.

Complainant asks for an injunction in the premises to restrain all of the defendants, Scott, the party to the suit, Furman and Hogsett, attorneys, and Swayne, clerk of the county court, "from taking any further proceedings in said county court, or filing or issuing any further papers, writs, precepts, or ligitating, or forcing or compelling any ligitation, or taking any further action of any kind or nature in said county or any other court in the state of Texas," etc.

*H. M. Herman,* for complainant.

*S. P. Greene,* for defendants.

PARDEE, C. J. Several grounds have been argued as conclusive against the right of complainant to an injunction as asked for, such as, whether the cause was removable at all from the county court of Tarrant county, whether the removal was asked for in time, and whether complainant's bill shows any equity entitling the complainant to an injunction. The conclusion we have reached renders it unnecessary to pass on these questions at this time. The injunction asked for is clearly and in terms one to restrain or stay proceedings

in a state court. The federal courts are prohibited from granting such injunctions except in certain specified cases.

Section 720, Rev. St., provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." This statute prevents this court from granting the injunction asked for, even if complainant has otherwise a proper case for such relief. See *Haines* v. *Carpenter*, 91 U. S. 254. In so holding, it is not intended to decide that in proper cases, where the United States court is first seized of jurisdiction, and parties are instituting thereafter such proceedings in state or other courts as will, if successful, defeat the jurisdiction of the United States court or deprive complainant therein of all benefit of any decree or judgment rendered in his favor, the United States court cannot by injunction lay its hands on parties, and control their proceedings, although thereby proceedings in a state court may be indirectly stayed or ended.

Such a case is that of *French* v. *Hay*, 22 Wall. 231. In that case the United States court had prior jurisdiction, and the enjoined party was seeking to execute, in a state court, a decree which to all intents and purposes had become the decree of the United States court, and had been annulled and vacated by the court. The case here, where we are asked to enjoin all further proceedings, etc., is one where the state court undoubtedly had prior jurisdiction, and the question as to whether that jurisdiction is ended is in dispute between the parties; the state court undoubtedly still claiming jurisdiction, notwithstanding the petition and bond filed therein to remove the case to this court.

The injunction asked for must be refused, and such order will be entered in the case.

McCORMICK, D. J., concurring.