POOLE and others *v.* THATCHERDEFT, Defendant, and another, Gar-
nishee.

*(Circuit Court, D. Minnesota.   December 13, 1883.)*

1. REMOVAL OF CAUSES—GARNISHMENT UNDER THE STATUTE OF MINNESOTA.
Proceedings in garnishment, instituted under the Minnesota statute, are to
be considered as auxiliary to the main action, when considered with reference
to the right of removal to the federal court.

2. CASE STATED.
The main action against the defendant had proceeded to judgment in the
state court; garnishee proceedings had been instituted in the same court, and
in the same action, to enforce the judgment; during the pendency of this pro-
ceeding the plaintiff had the cause removed to the federal court.   On motion
to remand the cause to the state court, *held,* that the removal having been made
after judgment had been rendered in the main action, was too late, and the
cause must be remanded.

Motion to Remand Cause.

McCRARY, J. This is before the court as a motion to remand. The plaintiff Horace Poole brought his action in the state court against Thatcherdeft, the defendant. In the case in the state court a process of garnishment was issued and served upon the garnishee, Mr. Rolph. A regular action was prosecuted to final judgment against Thatcherdeft. Rolph answered, denying any liability on the part of the garnishee under a provision of the statutes of Minnesota which are in chapter 66, Rev. St. 1878. The plaintiff obtained from the state court leave to file what is called a supplemental complaint, making the garnishee a party, and seeking to recover against him upon the ground that the original defendant, Thatcherdeft, had fraudulently conveyed to him a stock of goods. After the filing of this supplemental petition, the plaintiff in the case applied to the state court for the removal of the case to this court. It is perfectly clear that the original action against the defendant Thatcherdeft cannot be removed, because in the case final judgment had been rendered some time before application was made to the state court for the removal. But the proceedings under the supplemental petition can be removed only when the case is such that it would constitute a new original independent suit, and did not constitute a mere appendage to the original suit. If it was an original proceeding in itself, and not a mere auxiliary proceeding, it could be removed, otherwise it cannot. Questions very similar to this have frequently been before the court, and I think it has been uniformly held that all proceedings in the nature of garnishee proceedings for the purpose of merely enforcing a judgment of the state court are auxiliary in their character, and not original and independent proceedings. A bill in equity may be filed to set aside a fraudulent conveyance for the purpose of collecting an amount due by a judgment in the state court, and that cause of action may be transferred to the circuit court of the United States; but when the action is brought for the purpose of enforcing a judgment in the state court, whatever the form of proceedings may be, it is auxiliary in its character and cannot be removed, and we think that the rulings which have been announced in previous cases in other districts, applying the proceedings now before us under the statutes of Minnesota, and that it is in substance and in effect a garnishee proceeding and it cannot be maintained as an independent suit, but only as a part of the original suit against the original defendant. If the original judgment cannot be brought here we can have no jurisdiction in the supplemental proceeding. One reason is that if a judgment were removed and the money collected upon that supplemental proceeding, the court would be called upon to direct the application for the payment of the original judgment; it might be that upon this proceeding the judgment might be for more than the original judgment, if it was a separate proceeding conducted without any reference to the original case at all. At all events, it is brought, we think, for the pur-

pose of enforcing the payment of a judgment in the state court, and as that judgment is not before us we cannot take jurisdiction of the supplemental proceeding.

These views, we think, are supported by the following cases: *Pratt* v. *Albright,* 9 FED. REP. 634; *Weeks* v. *Billings,* 55 N. H. 371; *Chapman* v. *Bargar,* 4 Dill. 557; *Bank* v. *Turnbull,* 16 Wall. 190; *Barrow* v. *Hunton,* 99 U. S. 80; *Buford* v. *Strother,* 10 FED. REP. 406.

The statutes under consideration in those cases were not always exactly the same as the statute of this state, but we think they were in substance the same. We think the authorities are conclusive as to the question here.

The motion to remand is sustained.