## LADD v. WEST et al.

### (Circuit Court, D. New Hampshire. March 22, 1893.)

1. REMOVAL OF CAUSES—MOTION TO REMAND—SUIT IN AID OF ACTION AT LAW.

Defendants, B. and W., were residents of New York, and as partners operated a brickyard in New Hampshire. In 1889, plaintiff, an adjoining landowner, brought an action at law in a state court against B., the managing partner, alone, alleging that he was unlawfully damaged by smoke and noxious vapors arising from the brick manufactory, in which action there was judgment for the plaintiff. Later plaintiff brought another action at law against the same defendant, alleging a similar grievance at a subsequent period, and still later a proceeding in equity against both partners and B individually, setting up the former judgment, and the pendency of the later action at law, and praying for consolidation, perpetual injunction, and the assessment and recovery of damages accruing subsequently to the proceedings at law. The defendants filed removal papers in the equity proceeding. *Held*, that the proceeding was not an original bill, but was a proceeding in equity, based upon and in aid of the prior proceedings and judgment at law, and as such was not removable; and that the fact that the plaintiff had brought in a new party defendant, who was a partner in the business sought to be regulated, did not alter the character of the proceeding.

2. SAME.

In such case, it being doubtful whether the court had power, on a motion to remand, to order the pleading recast for the purpose of separating law and equity matter, and compelling the claim for damages to be stated at law, with a view to taking jurisdiction of that part of the controversy only, it would not, on such motion, determine whether the claim for damages was incident to the injunction jurisdiction so as to be cognizable in equity, but the whole case, as presented by the record, would be remanded to the state court.

In Equity. Bill by Daniel W. Ladd against James G. West and William P. Bannigan, partners doing business as the Epping Brick Company, for injunction and other relief. Heard on motion to remand to the state court from which it was removed. Granted.

Streeter, Walker & Chase and Mr. Frink, for plaintiff.
Calvin Page and E. G. Eastman, for defendants.

ALDRICH, District Judge. In 1888 the defendants, who were residents of the state of New York, were operating a brickyard in Epping, N. H., under the name of the Epping Brick Company. In 1889 the plaintiff, who was an adjoining landowner, brought an action at law in the state court against Bannigan, the managing partner, alone, alleging, in substance, that he was unlawfully damaged by smoke and noxious vapors arising from the brick manufactory, in which action there was judgment for the plaintiff. Later the same plaintiff brought another action at law against the same defendant, alleging the same kind of a grievance at a subsequent period, and still later a proceeding in equity against both partners and Bannigan individually, setting up the former judgment, and the pendency of the later action at law, and praying for consolidation, perpetual injunction, and the assessment and recovery of damages accruing subsequent to the proceedings at law, by reason of the wanton and reckless manner of doing business, claimed in the sum of

$3,000. The defendants seasonably filed removal papers in the equity proceeding, and the plaintiff moves to remand to the state court.

A proceeding in equity in aid of an action or judgment at law is a common remedy, and often employed to regulate, execute, and perfect rights appurtenant to land previously determined at law, and a rule which, by removal, should withdraw the use of this auxiliary remedy from the court which determined the right, would seriously interfere with the ordinary administration of justice in the state courts. The proceeding under consideration in its main feature is not an original bill to ascertain and regulate the use, but is a proceeding in equity based upon the prior proceedings and judgment at law, and as such is not removable. The right having been established at law in a case not removable, a subsequent proceeding in equity to regulate or perfect the right by injunction is ancillary to, or in aid thereof; or in other words, in a sense, at least, a part of the original proceeding. The Charter Oak Fire Ins. Co. Case, 6 Blatchf. 208, relied on by the defendants, was an original bill to reform a contract on the ground of mistake, and, although such contract was the basis of a pending action at law, there had been no judgment. Unquestionably, courts of equity have original jurisdiction to correct errors of this character, or to set aside judgments on the ground of fraud, and doubtless original proceedings of this nature are removable, but there is a broad difference between an original bill based upon independent ground for equitable relief, and a bill in aid of judgments and proceedings at law to regulate and perfect rights already ascertained. Bank v. Turnbull, 16 Wall. 190; Barrow v. Hunton, 99 U. S. 80; Bondurant v. Watson, 103 U. S. 281; Cortes Co. v. Thannhauser, 9 Fed. Rep. 226; Buford & Co. v. Strother, 10 Fed. Rep. 406; Stackhouse v. Zunts, 15 Fed. Rep. 481; Filer v. Levy, 17 Fed. Rep. 609; Poole v. Thatcherdeft, 19 Fed. Rep. 49; King v. Shepherd, 20 Fed. Rep. 337; Wolcott v. Smelting Co., 34 Fed. Rep. 821. The fact that West, one of the defendants in the ancillary proceeding, was not a party defendant to the original action at law, which related to the same business, does not change the nature of the proceeding, or relieve it from the operation of the rule of law stated. Bringing in a new party defendant, who was a partner in the business sought to be regulated, does not make this proceeding any less a part and parcel and continuance of the original litigation. Wolcott v. Smelting Co., supra.

The defendants place stress upon the fact that the plaintiff in the equity proceeding claims damages in the sum of $3,000 for the alleged subsequent, unreasonable, wanton, and reckless conduct in connection with the management of the business, and contend that such claim or allegation creates a suit removable within the meaning of the federal statutes. The effect of this claim for damages by reason of alleged wanton conduct subsequent to the proceedings at law and before injunction, although it relates to the same business, is not altogether free from doubt. I am inclined, however, under the circumstances of this case, to view it as not con-

ferring jurisdiction upon the federal courts. It would not be contended that there is power in a court of equity to try and determine the rights of the parties as to a claim for damages of this character as a single question. Such a claim would furnish no independent ground for equitable interposition. If a claim of this character be a subject of equitable ascertainment, (which is very doubtful,) it comes as an incident to the jurisdiction to regulate by injunction the right previously ascertained in the proceeding at law; but for the purposes of this motion I am inclined to view it as an unhealthy graft upon the bill in equity, and as not having sufficient life or substance in a proceeding of this character, to amount to a suit within the meaning of the federal statutes, or to control the question of jurisdiction. If maintained in a court of equity it must be upon the theory that it is incident to some substantial ground of equitable jurisdiction. If it is incident to the right of the plaintiff to maintain his bill for perpetual injunction, it becomes a part of the ancillary proceeding, and is not removable. But if, on the contrary, a claim for damages resulting from an alleged subsequent (and perhaps different) unreasonable exercise of business rights of this character involves a new and different cause of action, and is not a subject of equitable ascertainment, (which is more probable,) and the plaintiff can only maintain his claim for damages by recasting his pleadings, (under the practice in the state courts of New Hampshire,—a practice recognized by the federal courts in Perkins v. Hendryx, 23 Fed. Rep. 419; Phelps v. Elliott, 26 Fed. Rep. 881; Lacroix v. Lyons, 27 Fed. Rep. 403; Kellam v. Keith, 144 U. S. 568, 12 Sup. Ct. Rep. 922,) and proceeding at law, then the question as to the right of removal of the subject-matter of such claim will be relieved of the doubt which surrounds the cause in its present aspect. Under the circumstances of this case, the relief sought by injunction is in aid of the judgment at law in the state court, which was not removable, the object being to regulate the rights involved in the prior proceedings in that court, and so much of the proceeding as relates to the injunction remedy should clearly be remanded. I have doubt as to the power of this court, at this stage of the proceedings, and upon a motion to remand merely, to order the pleadings recast for the purpose of separating law and equity matter, and compelling the claim for damages to be stated at law, with a view of holding jurisdiction of that part of the controversy for which the remedy is at law, and remanding that part cognizable in an equity proceeding in aid of the judgment and proceedings at law in the state court. Having such doubt, I do not undertake upon this motion to determine definitely whether a claim for damages of this character is, in an equitable sense, incident to the injunction jurisdiction, and therefore cognizable in equity, but remand the whole case as presented by the record in its present shape. Let the entry be, motion to remand granted.