CŒUR D'ALENE RY. & NAV. CO. et al. v. SPALDING.[1]

(Circuit Court of Appeals, Ninth Circuit. February 27, 1899.)

No. 451.

**1. JURISDICTION OF FEDERAL COURTS—INJUNCTIONS STAYING PROCEEDINGS IN STATE COURT.**

Rev. St. § 720, prohibiting the granting of an injunction by a court of the United States to stay proceedings in any court of a state, except where authorized in bankruptcy proceedings, applies to injunctions directed to parties engaged in proceedings in the state court.

**2. SAME.**

A circuit court of the United States cannot enjoin the further prosecution of a suit in a state court on the ground that such suit has been removed to the federal court, from which the injunction is sought, where, though a petition and bond for removal have been filed, no action thereon has been taken by the state court, nor has any copy of the record been entered in the federal court.

**3. REMOVAL OF CAUSES—NATURE OF SUIT—ANCILLARY PROCEEDINGS.**

A petition to a state court, asking the appointment of a receiver in aid of execution, as authorized by a state statute, and that a judgment previously obtained in such court be declared a first lien on property as against others claiming an interest therein, is purely an ancillary proceeding for the enforcement of the judgment, and is not removable.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Idaho.

The material facts in this case are as follows:

On the 24th day of March, 1887, an action was brought by William L. Spalding in the district court of Kootenai county, territory of Idaho, against the Cœur d'Alene Railway & Navigation Company, for $36,587, on account of labor performed and materials furnished by plaintiff in the building of the defendant's railway in the counties of Kootenai and Shoshone, in said territory of Idaho. On April 25, 1896, nine years after the commencement of the action, a judgment was rendered in said court in favor of the plaintiff, Spalding. The defendant appealed to the supreme court of the then state of Idaho, for a reversal of said judgment, and on the 26th of November, 1897, the supreme court affirmed the judgment of the lower court in said cause. 51 Pac. 408. Thereupon executions were issued from the offices of the clerks of the district court in Kootenai and Shoshone counties, who thereafter made return that no property belonging to the defendant, Cœur d'Alene Railway & Navigation Company, had been found in their respective counties from which to satisfy the said judgment or any part thereof. Thereafter, on the 3d day of May, 1898, the plaintiff filed his petition in the same district court against the Cœur d'Alene Railway & Navigation Company and against the Northern Pacific Railroad Company and the Northern Pacific Railway Company. In this petition the recovery of the judgment against the Cœur d'Alene Railway & Navigation Company was set forth. It was also alleged that executions had been issued and returned unsatisfied; that the property of the Cœur d'Alene Railway & Navigation Company situated in the said judicial district in the state of Idaho consisted of warehouses, wharves, steamboats, barges, right of way, and other railroad property, known as the Cœur d'Alene Railway & Navigation Company's rail and steamboat line, between Cœur d'Alene city, in Kootenai county, in said state, and the town of Burke, and the Montana line, in Shoshone county, in said state, the same constituting and being a continuous transportation line between the points stated. It was al-

[1] Rehearing denied May 23, 1899.

leged, further, that the petitioner was informed and believed that the said property belonging to the Cœur d'Alene Railway & Navigation Company was, subsequent to the date of the contract entered into between the petitioner and Cœur d'Alene Railway & Navigation Company, by a pretended lease, or a pretended mortgage, or a pretended sale, the exact nature of which the petitioner could not state, transferred to the Northern Pacific Railroad Company, and by the Northern Pacific Railroad Company, by a pretended transfer, delivered to the Northern Pacific Railway Company; that, by reason of said pretended purchase, the exact nature of which the petitioner could not state, the said Northern Pacific Railway Company claimed the ownership of all of the said property of the Cœur d'Alene Railway & Navigation Company; that the transfer of this property to the Northern Pacific Railway Company, without first satisfying the judgment of the petitioner, was in violation of section 2673 of the Revised Statutes of the State of Idaho, and of sections 14, 15, and 16 of article 11 of the constitution of the state of Idaho, and was therefore void, as against the judgment of the petitioner; that the Northern Pacific Railroad Company and the Northern Pacific Railway Company claimed to have some interest in and to the property described, the exact nature of which was to petitioner unknown; that the said interest, if any they had, was subordinate and inferior to the rights of the petitioner. Wherefore petitioner prayed that any and all claims, or pretended claims, of the Northern Pacific Railroad Company and of the Northern Pacific Railway Company should be declared subsequent, subject, and inferior to the judgment of the petitioner; that a receiver be appointed by the court to take possession and control of all the properties described, and to proceed with all due diligence to sell the same, and apply the proceeds of said sale towards the payment of the judgment of the petitioner; and for that purpose that the said receiver be directed and empowered, whenever necessary or proper, to manage, operate, and control the steamboats, railroads, and other property, and to take all steps necessary in the premises, which may from time to time be necessary and proper, under the directions and order of the court, and to apply the proceeds derived from the operation or sale of said property to the payment of said debt; and for such other and further relief as to the court might seem equitable, proper, and just.

On the day that this petition was filed in the state district court, the defendants filed a petition with the clerk of the court for removal of the cause to the United States circuit court for the district of Idaho, accompanied by the usual bond. The petition alleged, among other things, that the suit was of a civil nature, and was brought to subject the property of the defendant the Northern Pacific Railway Company to the payment of the judgment against the Cœur d'Alene Railway & Navigation Company for the sum of $30,000, and for the appointment of a receiver for the railroad, steamboats, wharves, rolling stock, franchises, and other property of the Northern Pacific Railway Company, and that this was a separable controversy, which could be tried between the petitioner, the Northern Pacific Railway Company, and the plaintiff. The petitioner further alleged that the suit was wholly between citizens of different states, to wit, between the petitioner, the Cœur d'Alene Railway & Navigation Company, a corporation organized, created, and existing under and by virtue of the laws of the state of Montana, the Northern Pacific Railroad Company, a corporation organized, created, and existing under and by virtue of an act of congress of the United States approved July 2, 1864, and the Northern Pacific Railway Company, a corporation organized, created, and existing under and by virtue of the laws of the state of Wisconsin, as defendants, and William L. Spalding, a citizen of the state of Idaho, as plaintiff; that the Cœur d'Alene Railway & Navigation Company had been improperly and unlawfully joined as a defendant for the fraudulent and unlawful purpose of attempting to prevent the removal of the cause to the circuit court of the United States; that the Cœur d'Alene Railway & Navigation Company had no interest whatever in the result of the controversy involved, and was not a necessary or proper party to the suit.

It appears that on May 6, 1898, a certified copy of this petition was presented to the judge of the state court, who refused to grant the order of removal, or take any action with reference to the removal of the cause. Thereupon notice was given to the defendant by the plaintiff that he would apply

to the said state court on the 20th day of May, 1898, for the appointment of a receiver of the property mentioned in the petition. Thereafter, on May 9, 1898, the present bill of complaint was filed in the circuit court in and for the district of Idaho, Northern division, by the Cœur d'Alene Railway & Navigation Company, the Northern Pacific Railroad Company, and the Northern Pacific Railway Company to enjoin the plaintiff, William L. Spalding, from further prosecuting his suit in the state court against the complainants, and from applying or presenting a motion to the judge of said court for the appointment of a receiver for the property described in the proceedings. The bill alleges that the property over which a receiver is attempted to be appointed is of the value of more than $3,000,000, and part and parcel of the transcontinental line of railway operated as an entirety between Lake Superior and Puget Sound, and that great and irreparable damage would result to the complainant the Northern Pacific Railway Company from any interference with such operation by the appointment of a receiver as petitioned.

Thereafter, on May 16, 1898, the defendant, Spalding, demurred to the bill of complaint, on the ground that the circuit court was without jurisdiction to grant the relief prayed for in the bill of complaint, for the reason that the alleged action which the complainants were seeking to have transferred to the circuit court was but a proceeding ancillary to, and inseparably connected with, the original judgment in the state court. On May 20, 1898, the judge of the circuit court denied the application for provisional injunction, enjoining and restraining the respondent from prosecuting the proceedings in the state court, and from presenting a motion in said court for the appointment of a receiver of the property in controversy. From this order the present appeal is prosecuted.

C. W. Bunn, for appellants.

Willis Sweet and Turner & Forster, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The appeal is prosecuted under the provisions of section 7 of the act of March 3, 1891, as amended by the act of February 18, 1895. It is assigned as error that the court erred in denying the motion of the appellants for a provisional injunction. Section 720 of the Revised Statutes provides that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy. This prohibition applies to injunctions directed to parties engaged in proceedings in the state court. Diggs v. Wolcott, 4 Cranch, 179; Peck v. Jenness, 7 How. 612; Haines v. Carpenter, 91 U. S. 254; Dial v. Reynolds, 96 U. S. 340; Ex parte Chetwood, 165 U. S. 443, 17 Sup. Ct. 385.

It is contended by appellants that this prohibition does not apply to a case removed from the state court to the United States court, where the injunction sought is against the party seeking to prosecute his case in the state court.

In the case of French v. Hay, 22 Wall. 250, cited as authority for this doctrine, the facts show that an injunction was necessary in that case to preserve the prior jurisdiction of the United States circuit court, and the decision of the supreme court was placed upon that ground. The facts of the case were these: French had obtained a decree against Hay in a state court of Virginia under very peculiar circumstances, and had sent a transcript of this decree to Philadelphia, where Hay resided, and had brought suit upon it there.

In the meantime Hay had removed the original case from the Virginia court to the United States circuit court, and had filed the record in that court. He had also filed a bill in the circuit court to set aside and annul the decree. In this situation of affairs, Hay obtained from the circuit court an injunction restraining French from proceeding further in Pennsylvania or elsewhere, to enforce the decree obtained in the Virginia court, and at a later date the circuit court annulled and set aside the Virginia decree, and dismissed the bill upon which it was founded. On appeal to the supreme court, the action of the circuit court was affirmed, both as to the injunction and the decree; the court holding that the prohibition of the statute against granting of injunctions by the courts of the United States touching proceedings in state courts had no application to such a case, for the reason that the prior jurisdiction of the court below took the case out of the operation of that provision. The enjoined party was seeking to execute in a state court of Pennsylvania a decree obtained in a state court of Virginia, notwithstanding the fact that the case upon which the decree was founded had been transferred to the United States circuit court. The Virginia court had been deprived of its jurisdiction over the case by the act of removal, but by taking a transcript of the decree to the Pennsylvania court a new jurisdiction had been obtained for the case that would have defeated the jurisdiction of the circuit court. In speaking of the relief which the complainant was entitled to have in the circuit court under these circumstances, the supreme court said:

"If it could not be given in this case, the result would have shown the existence of a great defect in our federal jurisprudence, and have been a reproach upon the administration of justice. In that event, the payment of the annulled decree may be enforced in Pennsylvania, and Hay, notwithstanding the final decree in that case and in this case, would find himself in exactly the same situation he would have been if those decrees had been against him instead of being in his favor. They would be nullities as regards any protection they could have given him. Instead of terminating the strife between him and his adversary, they would leave him under the necessity of engaging in a new conflict elsewhere. This would be contrary to the plainest principles of reason and justice."

In the case of Wagner v. Drake, 31 Fed. 849, also cited by appellants, the cause had been duly and regularly transferred to the circuit court, and the record of the state court filed in that court. The court held that section 720 of the Revised Statutes does not apply to proceedings in a state court in a case that has been legally removed from the state court into the United States court, but the injunction was refused in that case on the grounds that the jurisdiction of the circuit court was doubtful, and because it did not appear that the injury to the plaintiff would be irreparable, but, on the contrary, capable of being fully compensated by damages recoverable in an action at law, in the event of the removed case being decided in his favor.

A case more in point is that of Railroad Co. v. Scott, 13 Fed. 793. In that case proceedings had been instituted in the county court of Tarrant county, in the state of Texas, for the condemnation of certain lands of the defendant's railroad, and, under the laws of Texas,

the preliminary proceedings had been taken, up to the report of the commissioners as to the amount of damages the defendant was entitled to, and including the filing of objections to the report by the dissatisfied parties. Thereupon the complainant filed in said county court its petition and bond for removal of said cause to the circuit court, but it does not appear that the record was in fact removed to the circuit court. Notwithstanding the filing of the petition and bond for removal in the state court, the defendant proceeded with the cause in that court, and the complainant petitioned the circuit court for an injunction to restrain the defendant and his attorneys from taking any further proceedings in the state court. The petition was denied, on the ground that the state court had prior jurisdiction of the case, and the question whether that jurisdiction had ended was in dispute between the parties.

In the present case the appellants allege in their bill that they presented their petition to the state district court for the removal of the cause to the circuit court. The cause here referred to is the petition of Spalding to the state district court, in the form of a complaint against the Cœur d'Alene Railway & Navigation Company, the Northern Pacific Railroad Company, and the Northern Pacific Railway Company for the appointment of a receiver to take possession and control of certain property described in the petition as having belonged originally to the Cœur d'Alene Railway & Navigation Company, and transferred by this corporation to the Northern Pacific Railroad Company, and by the latter corporation to the Northern Pacific Railway Company. The petition also asks that the pretended claims of the Northern Pacific Railroad Company and the Northern Pacific Railway Company be declared subsequent, subject, and inferior to the judgment of the petitioner in the original case. The appellants further allege in their bill that they filed the petition for removal with the clerk of the district court of the First judicial district of Idaho in and for the county of Kootenai, and presented a certified copy of the petition to the judge of the district court, with a certified copy of the bond on removal, and requested the judge to sign an order for the removal of the cause to the United States circuit court, but he refused to do so, or to take any action with reference to the removal of said cause whatsoever. It does not appear that any further action was taken in the matter of the removal. No transcript of the record was taken from the clerk's office of the district court and filed in the clerk's office of the circuit court, nor was the circuit court asked to issue a writ of certiorari to the state court commanding that court to make a return of the record in the cause to the circuit court.

The removal act of March 3, 1887, as corrected by the act of August 13, 1888, provides for the removal of cases from the state court to the United States circuit court upon the filing of a petition in the state court, and the giving of the removal bond, to be conditioned for the entering by the defendants in "such circuit court, on the first day of its then next session, a copy of the record in such suit." It is also provided that "it shall be the duty of the state court to accept said petition and bond and proceed no further in

said suit; and the said copy being entered as aforesaid, in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." The jurisdiction of the circuit court attaches when the requisite petition and bond have been filed in the state court, but the entering of a copy of the record in the circuit court is necessary to enable that court to proceed in the case. Railroad Co. v. Koontz, 104 U. S. 5; Railway Co. v. Rust, 17 Fed. 275; Mining Co. v. Bennett, 5 Sawy. 289, Fed. Cas. No. 8,968.

When such a record is filed in the circuit court, that court has not only the jurisdiction of the case which attaches when the state court must "proceed no further," but it has the prior jurisdiction which comes with the record, as if the case had been originally commenced in the circuit court. This latter jurisdiction the circuit court had not acquired when the present bill was filed, but, by bringing an original suit in the circuit court, the plaintiffs have endeavored to transfer the cause to that court by a method of procedure different from that contemplated by the removal act. This fact was, of itself, sufficient to justify the court in denying the petition for an injunction in this case.

The case upon its merits raises the question as to whether the proceedings in the state court were removable under the statute. The petition asked the appointment of a receiver to take possession and control of all the properties claimed to be subject to the lien of the original judgment. This is one of the equitable remedies which is wholly ancillary or provisional. It does not, either directly or indirectly, affect the nature of any primary right, but is simply a means and instrument by which a primary right may be efficiently preserved, protected, and enforced in judicial proceedings. 1 Pom. Eq. Jur. § 171.

The purpose of the Idaho statute upon this subject is to provide this equitable remedy as ancillary to its judicial system. Section 4329 of the Revised Statutes reads as follows:

"A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof: (1) In an action * * * by a creditor to subject any property or fund to his claim, * * * on the application of the plaintiff, * * * and where it is shown that the property or fund is in danger of being lost, removed, or materially injured; * * * (3) after judgment to carry the judgment into effect; (4) after judgment * * * in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment."

The petition for the appointment of a receiver under this statute was clearly a proceeding of a supplementary character only. It was for the purpose of carrying into effect the judgment previously obtained, and was entirely ancillary to, and dependent upon, the original suit. The same may be said with respect to the petition to the state court to declare a priority in favor of the judgment in the original suit. It was purely an ancillary proceeding to enforce a judgment.

In Railroad Co. v. Chamberlain, 6 Wall. 748, two appeals were taken from the circuit court for the district of Wisconsin. The Milwaukee & Minnesota Railroad Company filed a bill against Cham-

berlain to set aside a lease of their road executed to him by the La Crosse & Milwaukee Railroad, with intent to hinder and delay their creditors; also to set aside a judgment which the company had confessed to Chamberlain. The Milwaukee & St. Paul Company was admitted as defendant, on the ground that it had become the owner of the lease and judgment. The latter company filed a cross bill against the Milwaukee & Minnesota Company and Chamberlain, setting forth the indebtedness of the La Crosse & Milwaukee Company to Chamberlain; that complainant had become the equitable owner of this debt; that the lease and judgment were liens on a portion of the road, which was largely incumbered by prior mortgages; that the mortgages, together with the judgment, far exceeded the value of the road; and praying that the judgment might be decreed a valid and subsisting lien on the road, appurtenances, and franchises, and that they be decreed to be sold to satisfy it. The trial court dismissed the bill in the principal suit, and decreed in favor of the Chamberlain judgment, but dismissed the cross bill, for the reason that the two companies were incompetent to litigate the matter on account of the residence of the parties, both being corporations of one state. The supreme court held the dismissal of the cross bill to be in error, as the filing of the cross bill was for the purpose of enforcing the judgment which was in the circuit court, and could be filed in no other court, and was but ancillary to, and dependent upon, the original suit, an appropriate proceeding for the purpose of obtaining satisfaction. A suit or proceeding which is merely ancillary or auxiliary to the original action, or a mere graft upon it or dependence of it, as distinguished from independent and separate litigation, is not removable to the federal court. Bank v. Turnbull, 16 Wall. 190; Buell v. Construction Co., 9 Fed. 351; Poole v. Thatcherdeft, 19 Fed. 49; Hospes v. Car Co., 22 Fed. 565; Ladd v. West, 55 Fed. 353; Black, Dill. Rem. Causes, § 32.

It follows that the petition in the state court for the appointment of a receiver, and for a determination of the priority of the judgment in the original case, was not removable, and the circuit court was right in refusing an injunction to restrain the proceedings in the state court. Decree affirmed.