### NORTH AMERICAN TRANSPORTATION & TRADING CO. v. HOWELLS et ux.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1903.)

No. 905.

1. DEPOSITIONS—DEDIMUS POTESTATEM—DE BENE ESSE.

An application to take depositions under a dedimus potestatem, as authorized by Rev. St. § 866 [U. S. Comp. St. 1901, p. 663], cannot be granted under Rev. St. § 863 [U. S. Comp. St. 1901, p. 661], which relates only to the taking of depositions de bene esse, and which section is expressly excluded from the operation of section 866.

2. SAME—REMOVAL OF CAUSES—FILING RECORD—TIME—PRIOR COMMISSION TO TAKE DEPOSITIONS.

Where an action was removed to the Circuit Court from a state court, and before the first day of the next succeeding term, within which defendant was required to file the record and appear, plaintiff applied for a commission to take the deposition of a witness, merely alleged to be a necessary and important witness and residing at such a distance that it was impossible to have him present in person, without any showing of necessity for haste in the taking of the testimony before the time for

filing the record had expired, the commission was erroneously granted, and the deposition taken thereon inadmissible.

In Error to the Circuit Court of the United States for the District of Washington.

Bausman & Kelleher, for plaintiff in error.

Allen, Allen & Stratton and Wm. E. Humphrey, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This action was commenced in one of the courts of the state of Washington by the defendants in error, as plaintiffs, to recover damages alleged to have been sustained by Anna Gerow Howells, wife of her coplaintiff, by a fall into the hold of one of the defendant's steamers. The defendant to the action moved the state court for the transfer of the cause to the Circuit Court of the United States for the District of Washington, which motion was granted on the 20th day of July, 1901. The first day of the then next session of the Circuit Court was the first Tuesday in December, 1901, by which time the defendant to the action was by law required to file the record in the Circuit Court; but, by rule 74 of the court below, either party to the suit was authorized to file the record therein at any time after the removal proceedings had become effective. On the 24th day of August, 1901, and before the filing of the record in the court below, the plaintiffs in the action gave the defendant thereto notice of an application to the Circuit Court for a commission upon interrogatories to take the deposition in California of Dr. Butler, the physician of the injured plaintiff. On the hearing of the application, which occurred September 4, 1901, the defendant appeared specially, objected to the jurisdiction of the court to issue such a commission, and declined to file cross-interrogatories. The court overruled the objections, allowing the defendant an exception to its ruling; but the court, in its order, provided that "all testimony taken under the commission provided for herein shall be taken subject to all legal objections at the trial of this cause." The defendant having filed no cross-interrogatories, the deposition was taken on those of the plaintiffs alone, and was returned to the Circuit Court on September 18, 1901—prior to the filing of the record of the case in that court; the record not being filed until November 27, 1901. The deposition was not published until July 14, 1902—the day prior to the time set for the trial of the case. On the trial the plaintiffs offered it in evidence, to which the defendants objected on the ground that it was "taken at a time when the court had no jurisdiction to issue such a commission, and in that the record had not been filed in this court by either party on removal from the state court." The objection was overruled, an exception by the defendant allowed, and the deposition read in evidence. It was material to the issues involved, and, if erroneously admitted, it was, of course, an error of which the plaintiff in error may rightly complain. So that the real and only question here involved is whether or not the commission under and by virtue of which the deposition was taken was legally issued.

The defendants in error rely in part upon the provisions of section 863 of the Revised Statutes [U. S. Comp. St. 1901, p. 661] as authority for the taking of the deposition. The provisions of that section are not only limited by its terms to depositions de bene esse, but its provisions are expressly made inapplicable to section 866 of the Revised Statutes [U. S. Comp. St. 1901, p. 663], by virtue of which the court below granted a dedimus potestatem, under the authority of which the deposition in question was taken. That section is as follows:

"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage; and any circuit court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States. And the provisions of sections eight hundred and sixty-three, eight hundred and sixty-four, and eight hundred and sixty-five, shall not apply to any deposition to be taken under the authority of this section."

The distinction between the two methods of taking testimony will be found fully stated in the third edition of Foster's Federal Practice, on pages 634 to 650.

It is well settled that when a sufficient case for removal is made in the state court its jurisdiction eo instante comes to an end, and that of the federal court attaches. But it does not seem to be so well settled what powers the federal court can exercise prior to the filing therein of the record in the cause, nor, indeed, even where the record is filed by the plaintiff before the day on which the defendant is by law required to file it. Indeed, there is much contrariety of opinion and some confusion in the cases upon that subject, many of which will be found cited and reviewed by Judge Hammond in Hamilton v. Fowler ( C. C.) 83 Fed. 321. He there thus summarizes his conclusions, as a result of his consideration of the statute and of the authorities:

"First. That the federal court, during the intermediate time between the filing of the petition for removal and the coming of the first day of the next session of the court, has the most plenary jurisdiction over the case, and may do with it anything that it could do with a case originally brought in the court, or that any court may do with any case of which it has acquired rightful jurisdiction; but, in the doing of those things, it must be governed, as in all cases, by the rules of practice and procedure applicable to that particular class of cases to which the one in hand belongs. Second. That, in the class of cases comprehending those removed from a state court, the acts of Congress regulating the removal and the practice therein have prescribed the next term of the federal court as the earliest day when the parties to the suit are required to appear in the federal court, so that the case may proceed in the ordinary way to a final hearing in due course of proper practice and procedure, and until that time they are not required to appear and proceed; but, upon due notice for that purpose, if any extraordinary procedure be necessary to preserve the property in litigation or the rights of the litigants, either party may be required to appear for such extraordinary purpose, and either may bring along the record, and file it for a proper hearing of the application, whatever it be; and while the court has the jurisdiction, as it always has, to proceed even erroneously, it has no rightful authority to proceed erroneously, and it would be error, before the return day, to hear any application not falling within the limits above indicated."

Section 3 of the removal act of March 3, 1887 (24 Stat. 553) as amended by the act of August ·13, 1888 (25 Stat. 433 [U. S. Comp. St. 1901, p. 510]), provides that the condition of the removal bond shall be for the payment of costs; for the removing party's appearance and entering special bail in such suit, if special bail was originally required therein; and further provides that "the said copy being entered as aforesaid in said Circuit Court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said Circuit Court."

While conceding the plenary jurisdiction of the federal court over the parties and subject-matter of the suit from the time the removal proceedings in the state court are perfected, the court, in Hamilton v. Fowler, in our opinion, very properly observed:

"Because a court has jurisdiction of the parties and of the case, it does not follow that it would be proper to do anything which, according to the rules of practice and procedure, cannot be done at that particular time.  These rules of practice and procedure, if regulated by statute, are imperative, and control the power of the court, for statutory rules of procedure and practice cannot be changed by precedent of decision or by rule of court, but the statute must govern in all cases.  As here, when the statute says that the parties shall have until the first day of the next term of the court to file their record, it means that they shall have that time; and, when the statute says that 'the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court,' it means that it shall not thus proceed before that time, and anything that has not already been done in the case cannot be done until that time, in the normal and orderly course of procedure; but if any extraordinary steps are necessary for the preservation of the thing within the jurisdiction, or the protection of the rights of the parties to the thing within the jurisdiction, or to the use of the thing within the jurisdiction, the court may deal with these extraordinary conditions according to the circumstances of the case, and upon such due and regular notice as may be prescribed by rules of practice or otherwise; but it is only as to these extraordinary and necessitous conditions that the power of the court can be invoked to proceed with the case before the time appointed by the statute for proceeding with it.  This distinction is one of practical importance, because, under the statute, both parties understand that the first day of the next term of the federal court to which the case is removable is the day when they are expected to be in court to proceed with the case; and like a party served with a writ in an original case, returnable to a particular day, it is not to be expected that they will appear at any time prior thereto, in the ordinary course of practice, while, as to extraordinary emergencies, they may be expected and required to appear whenever rules of court or notices to that end are served upon them; and this is in full analogy to all other methods of practice generally known to our courts.

"Keeping in mind, then, the proper distinctions between the jurisdiction over the case, and the power and authority to proceed according to the law governing the practice of the court, whatever that be, there is no difficulty in maintaining at the same time the jurisdiction of the case and the rights of the parties as to the matter of procedure, and, along with both, of preserving the thing in controversy against any impairment or destruction by reason of any delay."

The same views were indicated by Judge Severens in Torrent v. Lumber Co. (C. C.) 37 Fed. 727, where he said:

"I do not agree to the proposition that there is an intermediate state in which a case is resting after the filing of the petition and bond in the state court, and before the day when the record must be filed in the federal court, and in which the jurisdiction of the latter court is inchoate, and can only be exercised piecemeal, as necessity requires. On the contrary, it appears to me

that the correct view of the matter is to regard the jurisdiction over the case as being absolutely and completely acquired by the federal court upon the instant when the state court loses it, and that is upon the proper filing of the petition and bond in the latter court. And it seems to me that the concession that the court may exercise its authority over the case upon its own views as to the necessity for it is tantamount to an admission that its jurisdiction is fully vested. But in the exercise of its jurisdiction, the federal court is bound to follow the course of practice prescribed by law. If it fails to do this in dealing with the case, its authority is erroneously exercised. It is not, therefore, a question of jurisdiction, but of regularity only. This appears to me to be the view of the subject taken by the Supreme Court in Railroad Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643, where it is said in the opinion delivered by Chief Justice Waite, at page 15, 104 U. S., 26 L. Ed. 643: 'We are aware that in the Removal Cases, 100 U. S. 475, 25 L. Ed. 593, and Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354, it is said, in substance, that, after the petition for removal and the entering of the record, the jurisdiction of the circuit court is complete; but this evidently refers to the right of the circuit court to proceed with the cause. The entering of the record is necessary for that, but not for the transfer of jurisdiction.' "

The necessity for the record, to enable the federal court to exercise its jurisdiction in the usual and orderly proceedings applicable to the case, was also indicated by this court in the case of Cœur D'Alene Ry. & Nav. Co. v. Spalding, 35 C. C. A. 295, 93 Fed. 280.

The present case presented to the court below nothing calling for the exercise of any extraordinary power on its part, nor was there even any showing made indicating any necessity for immediate haste in the taking of the testimony for which the commission was applied for and granted; it being based solely upon an affidavit stating "that Dr. E. S. Butler, a resident and citizen of San Diego, California, is a necessary and important witness for the plaintiff herein, and, by reason of the distance of the present residence of the said witness, it is impossible to have said witness present in person." There was nothing before the Circuit Court even indicating the character of the pending action in which it was proposed to take the testimony—nothing to indicate to the court what direct or cross interrogatories would be pertinent or appropriate. We think, therefore, that there was no legal basis for the commission granted by the court below under which the deposition in question was taken, and therefore that it was erroneously admitted in evidence.

We notice a statement by Judge Phillips in his opinion in the case of Kansas City & T. Ry. Co. v. Interstate Lumber Co. (C. C.) 36 Fed. 9, 11, that it was "held orally by Judge Dillon, when judge of this circuit, that between the time of the order of removal in the state court, and the filing of the record in the United States court, depositions might be taken de bene esse." The defendants in error contend that that ruling is an authority directly in point in support of the action of the court below. In that counsel is mistaken, for the reason that such depositions are taken without the interposition of the court, and at the instance of the party desiring them, upon the prescribed notice.

For the error above pointed out, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.