## MOWER v. BOND.

(District Court, D. Idaho, S. D. July 30, 1925.)

No. 1204.

**1. Removal of causes ⟺92—Code requiring removing party to bring up record within 30 days held not to enlarge or diminish power of court before or after filing of record.**

Provisions of Judicial Code, § 29 (Comp. St. § 1011), requiring removing party to bring up record within 30 days instead of upon a certain day, *held* not to enlarge or diminish power of district court, either before or after filing of record, especially in view of Judicial Code, § 294 (Comp. St. § 1271).

**2. Removal of causes ⟺92—When constructive removal of cause to federal court becomes complete stated.**

Constructive removal of a cause from a state court to a federal court, which is immediately effected by the filing of a petition sufficient on its face and the requisite bond, becomes actual and complete upon the filing of the record in the federal court.

**3. Removal of causes ⟺95—Upon constructive removal, federal court has and may exercise jurisdiction to take any appropriate action.**

Upon constructive removal of cause to it, federal court has and may exercise jurisdictional power to take any appropriate action.

**4. Removal of causes ⟺95—Defendant held to have same right to prompt hearing of motion to dissolve injunction.**

Defendant removing from state into federal court cause in which temporary injunction had been granted, may move to dissolve the injunction after filing of record, though 30-day period for filing has not expired, regardless of the ground upon which he assails the order, whether in point of law or for want of supporting facts.

In Equity. Suit by S. Clare Mower against J. B. Bond. On hearing of objections to hearing of motions to dissolve injunction and for dismissal. Objections to motion to dissolve denied.

J. B. Eldridge, of Boise, Idaho, for plaintiff.

James F. Ailshie, Jr., U. S. Atty., and B. E. ·Stoutemyer, both of Boise, Idaho, for defendant.

DIETRICH, District Judge. This suit was commenced in the state court, where, upon an ex parte application, plaintiff procured a temporary injunction. Thereafter, upon defendant's petition, an order was made for removal to this court, and having immediately, on July 9, 1925, caused the record to be filed here, defendant gave 5 days' notice of its motion to dissolve the injunction, and also of a motion to dismiss the bill of complaint.

Both motions seemingly present the question whether plaintiff does or can state a cause of action. Appearing specially, plaintiff objects to a present hearing because the 30-day period, provided by the removal statutes for the filing of the record in the federal court, has not yet expired. In so far as I am advised, such an objection is not discussed in any reported case decided under the Judicial Code (36 Stat. 1087), but in various aspects a similar question, arising under the earlier law, has been the subject of consideration in numerous decisions (Hamilton v. Fowler [C. C.] 83 F. 321; No. Am. Transportation Co. v. Howells, 121 F. 694, 58 C. C. A. 442). Both in their oral argument and their written brief, counsel for defendant have not chosen to controvert the contention that under the old law, as interpreted in the Hamilton-Fowler Case, the objection would be well taken, but maintain only that by the Code such changes were wrought that the decided cases are no longer of value. Perhaps it should be here stated that, while the early cases exhibit a measure of conflict upon the point, both parties agree that the great weight of opinion is now· to the effect that, upon the filing in the state

court of an appropriate petition for removal sufficient upon its face, together with the requisite bond, the power of the state court ceases, and plenary jurisdiction vests forthwith in the federal court. It will therefore be observed that the question is not, accurately speaking, whether this court has jurisdiction over the subject-matter of, and the parties to, the suit during the 30-day period both before and after the record has been filed here; such jurisdiction is' conceded. The controversy is in respect to when and under what conditions the court may begin to function in the exercise of such jurisdiction. To illustrate the distinction, it is somewhere suggested that, upon the filing in the clerk's office of a complaint, and the issuance and service of process thereon, the court becomes vested with jurisdiction of both subject-matter and the parties, but it does not follow that it may at once exert such jurisdiction to the full extent. Its power is to be exercised in the manner prescribed by law, and in part at least only after the lapse of a specified time.

[1] Recognizing these considerations, defendant seeks to escape the supposed rule of the Hamilton-Fowler Case by pointing out that under the law as it formerly stood there was a fixed "return day"; that is, by the removal bond the removing party was obligated to bring the record into the federal court upon the first day of the term next ensuing after the filing of the petition in the state court, whereas under the Code this is to be done at any time within 30 days. But, upon a consideration of all the procedural provisions of both the old law and the Code, I am unable to attach such deep significance to this difference in phraseology. In the first place, it would seem to be entirely clear that both the old provisions and the new have to do primarily with prescribing the duty of the removing party, and not with defining the jurisdiction or power of the federal court, or fixing the time or conditions of the exercise thereof. While the filing of the petition and bond would operate to transfer jurisdiction, the federal court would not be in a position to act in the absence of the record, and the important duty of bringing up the record is by both the old and the new provisions imposed upon the removing party. The time for the performance of this duty was changed, for the reason, undoubtedly, that the old provision was susceptible to abuse and not infrequently resulted in unreasonable delay; it did not operate uniformly. In case of a removal a few days before the ensuing term of the fed-

eral court, the removing party might not have to exceed 20 days for filing the record, whereas in other cases he might have several months. By the Code changes it is thought Congress intended only to fix a uniform time for the filing of the record, and not to enlarge or diminish the power of the court either before or after such filing. When we consider the practical construction placed upon the old provision, it will be seen that it is wholly improbable that Congress attached any jurisdictional significance to the new form of language by which defendant is required to bring up the record within a certain period instead of upon a certain day. It would scarcely be urged that a defendant could not fully meet the requirement of filing on the first day of the term by filing before the first day. Indeed, it is well settled that the demands of the old law were substantially fulfilled if the record was on file on the first day of the succeeding term, whether the filing was actually made on or before that day, and whether by the defendant or by the plaintiff. The important and the only really important consideration was that the record should be before the court not later than the specified date.

As construed in practice, the language of the old law imports precisely what is more clearly expressed in the Code—a requirement that a given act be performed, not on a specific day, but within a prescribed time. Further support is given this view by section 7 of the old law (18 Stat. 472), providing that, if the next term of the federal court commenced within 20 days after the filing of the petition, the record could be filed in the federal court within 20 days after petition and bond in the state court. Here, then, we have, not only in substance, but in form, precisely the provision of the Code, excepting only the length of the prescribed period. Surely Congress did not intend one jurisdictional implication for the general rule of the old law, and another, radically different, for the expressed exception thereto.

Defendant also apparently attaches importance to the following provision of the Code (section 29 [Comp. St. § 1011]), namely: "The said copy being entered within said thirty days ⁕ ⁕ ⁕ in said district court of the United States, (the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and) *the cause shall then proceed in the same manner as if it had been originally commenced in the said district court.*" The un-

derscoring and the marks of parenthesis are mine.

It will be observed, however, that this identical language is carried forward from the old law (section 3), with the exception of the clause in parenthesis defining the obligation of the removing party to plead, and this clause surely does not hasten the time for the exercise of power or jurisdiction by the federal court. Following defendant's general course of reasoning, it would appear that under the old law the power of the federal court would become complete upon the filing of the record, whereas under the Code it is to exercise full power only upon the lapse of the 30-day period after the record is entered, or at best not until the filing of the pleading within such period. Upon the whole, I find nothing in the Code changes affecting the jurisdiction or power of the federal court, either before or after the record is filed, except such limitations upon the exercise thereof as may be found in this clause giving the removing party 30 days to plead. And this view seems to be fortified by section 294 of the Code (Comp. St. § 1271), declaring that its provisions "so far as they are substantially the same as existing statutes, shall be construed as continuations thereof, and not as new enactments, and there shall be no implication of a change of intent by reason of a change of words in such statute, unless such change of intent shall be clearly manifest."

[2, 3] While this conclusion is favorable to one of plaintiff's fundamental positions, the course of reasoning by which it is reached is thought to be measurably out of harmony with Hamilton v. Fowler and kindred cases, upon which plaintiff must rely in support of his objection. Independently, I would have great difficulty in concluding that it was the legislative intent to suspend the exercise of power by the federal court until "return day," under either the old or the new law. It would be my view that constructive removal of the cause, immediately effected by the filing of a petition sufficient on its face and the requisite bond, became under the old law, and becomes under the new law, actual and complete, upon the filing of the record in the federal court. That court thereupon has and may exercise the power to take any appropriate action. To be sure it must act with due regard to the right of all parties to be heard, and in accordance with rules of procedure established by law or in some other manner, but to such limitations the exercise of its power is always subject, in respect to a case original-

ly brought to it, as well as one removed from the state court. Limited to and construed in the light of the facts therein involved, the two decisions cited from the appellate court of this circuit (Cœur d'Alene R. & N. Co. v. Spalding, 93 F. 280, 35 C. C. A. 295, and No. Am. Trans. Co. v. Howells, 121 F. 694, 58 C. C. A. 442) are not necessarily out of harmony with this view; the outstanding feature of each case was a proceeding taken in the federal court before the record was filed therein.

With all due deference, I am unable to concur in some of the conclusions of the Hamilton Fowler Case. In the North American Transportation Co. Case, however, our Circuit Court of Appeals quoted with apparent approval a somewhat extended extract from the decision, and my real difficulty is in determining whether the approval is to be regarded as extending only to certain general principles, or specifically to all the statements embraced in the extract. By reason of this doubt, I have concluded not presently to entertain the motion to dismiss. It is unusual to bring on motions to dismiss at this season of the year, in cases so recently commenced when originally filed in this court, and certainly there can be no serious prejudice from a few days' delay, or even postponement to the opening of the September term.

[4] As to the motion to dissolve the injunction, it is not at all clear that our Circuit Court of Appeals intended to approve the action of the court in the Hamilton-Fowler Case in its declination to hear a similar motion and, in the absence of such approval, I am unable to yield to such a view. It is conceded that if the motion to dissolve presented only issues of fact, the court would have the right to and should hear it; the objection being only that we cannot hear the motion because of the fortuitous circumstance that it involves the merits of the bill. With all deference, such a view impresses me as being highly illogical. Here is a case where a plaintiff goes into a state court, and without notice procures an injunction order restraining the defendant from exercising what is claimed to be an important power. As was his right, defendant promptly removed the case to this court and brought in the record. He could have at once made the motion in the state court which upon due notice he now urges here, and he is met with the objection that his motion cannot be heard simply because it involves the fundamental proposition that as a matter of law there is no ground for the injunctive order. I find

no merit in the suggestion that it does not lie in the mouth of a defendant to complain of the delay he would suffer if such a rule is recognized, for, if not content therewith, he should have left the case in the state court. It is a strange doctrine that a litigant must waive one such right in order to assert the other. The defendant had the right to bring the controversy into this court, and, having taken the necessary steps to that end and brought the record here, he has the same right here as in the state court, upon appropriate notice to his adversary, to a prompt hearing touching the propriety of the order in question, and it is quite immaterial upon what ground he assails it, whether in point of law or for want of supporting facts.

Accordingly, the objection to the motion to dissolve the injunction will be denied.